709 P.2d 149

Delmer **MASTERS** and Clara Masters, husband and wife, Plaintiffs-Appellants,

v.

Kathy **DEWEY**, Walter J. Dewey and Jane Doe Dewey, husband and wife, Defendants-Respondents.

No. 15814.

Court of Appeals of Idaho.

Sept. 30, 1985.

Rehearing Denied Nov. 29, 1985.

Review Denied Dec. 13, 1985.

Lloyd J. Webb, argued, Webb, Burton, Carlson, Pedersen & Paine and Emil F. Pike, Jr., Twin Falls, for appellants.

G. Kent Taylor, Twin Falls, for respondents.

WALTERS, Chief Judge.

Delmer and Clara Masters sued the Deweys to recover for injuries Mrs. Masters sustained in an automobile accident caused by Kathy Dewey. The Deweys admitted liability for the accident and the issue of damages was tried before a jury. The jury awarded the Masters $375 in damages. The district court denied a motion by the Masters for a new trial and the Masters have appealed. They argue that a new trial should have been granted because the verdict was inadequate; evidence was improperly admitted at trial; and the district court improperly awarded costs to the Deweys. We affirm the order of the district court denying the Masters' request for a new trial but remand this case for a specific finding of costs.

In January 1982, Kathy Dewey's car struck the rear of a car driven by Mrs. Masters. The only vehicular damage was to the Deweys' front license plate which was punctured by a trailer hitch on the rear of the Masters' car. Both drivers proceeded to the Masters' home and the police were called. Following her completion of the police report, Mrs. Masters went to the Twin Falls Clinic to be examined for neck pain. The treating physician diagnosed that Mrs. Masters received a "soft tissue muscular strain, very mild at that time, of the neck region." The doctor recommended that Mrs. Masters go home, rest, take aspirin, and apply heat to her neck. If her condition did not improve in ten days, she was to contact her personal physician. Mrs. Masters' condition did not improve and four months later she sought chiropractic treatment. Mrs. Masters received regular chiropractic treatments for the next five months without full recovery and was eventually referred to Dr. O'Brien, a neurologist in Boise. She continued to receive regular treatments from the chiropractor and monthly checkups with Dr. O'Brien over the next two years up to the time of the trial. Dr. O'Brien diagnosed Mrs. Masters as suffering from left thoracic-outlet syndrome—a pinching of the nerve and blood vessel bundle that runs to the left arm.

The Masters requested damages in excess of $179,000 which included over $9,000 for lost wages and medical treatments. The jury returned a special verdict of $375 with nine members of the jury concurring. The Masters requested a new trial under I.R.C.P. 59(a) on the grounds that the verdict was inadequate and the evidence was insufficient to bar recovery of the Masters' special damages. They contended she was at least entitled to the "unrebutted damages related to medical costs and loss of income...." Further, they asserted that the court improperly admitted in evidence a car seat similar to the one in which Mrs. Masters was sitting when her car was struck. They insisted the seat misled the jury as to how Mrs. Masters injured her neck. The district court denied the motion for a new trial.

Our review of a trial court's ruling on a motion for new trial is governed by the abuse of judicial discretion standard. *Sheets v. Agro-West, Inc.*, 104 Idaho 880, 664 P.2d 787 (Ct.App.1983). When a motion for a new trial is premised on alleged inadequate damages,

> the trial court *must* weigh the evidence and then compare the jury's award to what he would have given had there been no jury. If the disparity is so great that it appears to the trial court that the award was given under the influence of passion or prejudice, the verdict ought not stand. It need not be proven that there was in fact passion or prejudice nor is it necessary to point to such in the record. The appearance of such is sufficient. A trial court is not restricted to ruling a verdict inadequate or excessive "as a matter of law." [Emphasis in original and citations omitted.]

*Id.* at 886, 664 P.2d at 793, *quoting Dinneen v. Finch*, 100 Idaho 620, 625–26, 603 P.2d 575, 580–81 (1979).

The Masters argue that, at the very least, the awarded damages were inadequate and a new trial should have been granted because the jury improperly rejected the uncontradicted testimony of credible witnesses. They insist that this case is similar to the *Dinneen* case where our Supreme Court held that neither the trial court nor a jury may arbitrarily or capriciously disregard the unimpeached testimony of a witness. 100 Idaho at 627, 603 P.2d at 582. We disagree.

Unlike *Dinneen*, the extent of Mrs. Masters' injuries was disputed at trial. The physician who treated Mrs. Masters on the day of the accident reported that she only complained of neck pain. Yet Mrs. Masters testified that her physical symptoms after the accident included head, neck and upper back pain; loss of balance; and light headedness as if she were half asleep. Ten days after the accident she contacted her personal physician who prescribed the same treatment as the previous physician. However, the pain persisted and she experienced a swollen neck and difficulty in moving about. Four months later, she consulted a chiropractor for relief but did not return to her personal doctor. A short time before trial Mrs. Masters was examined by the defendants' neurologist, Dr. Schaffert. He related that Mrs. Masters complained of neck pain; swelling of the left shoulder and arm; numbness in her left fingers; decreased sensation on the left side of her face; intermittent jerking of her left arm and face; migraines; decreased strength in left hand; and blurred vision in the left eye. Dr. O'Brien testified that over the course of his treatment he did not recall Mrs. Masters complaining of any memory loss, facial paresthesia, or jerking of the face and limbs. Dr. Schaffert stated "that the number and variety of symptoms that she complained of to me [when examined] could not have all resulted from a motor vehicle accident." Dr. Schaffert concluded that if Mrs. Masters actually suffered from all the symptoms that she subscribed to, that she would have to suffer from brain damage. He found no indications of any brain damage.

The Deweys raised other inconsistencies concerning the extent of Mrs. Masters' injuries. Dr. Schaffert found no evidence of any significant deviation of acuity in Mrs. Masters' vision. When Dr. O'Brien examined Mrs. Masters before trial, he found noticeable swelling in her left shoulder where the nerve and vessel bundle to the left arm is located. When Dr. Schaffert examined Mrs. Masters, he found no swelling in her left shoulder. Dr. Schaffert also performed tests to determine the validity of Mrs. Masters' responses. In one test, Mrs. Masters was asked to indicate whether she felt any vibratory sensation from a tuning fork on the left and then right side of her head. She professed not to feel any vibration on the left side but did feel vibration on the right side. Dr. Schaffert stated that any expressed difference in sensation between the left and right side of the head was physiologically impossible. The tuning fork, regardless of left or right side, was vibrating the whole skull. The other test was administered after Mrs. Masters indicated her left hand was less sensitive to pin

pricks than her right hand. Dr. Schaffert then gave her a "right-left confusional" test. From this test, he concluded her lack of left hand sensation was subjective and not supported by objective evidence of lack of neuro-sensation.

The jury is charged with weighing the testimony of witnesses and a verdict supported by substantial but conflicting evidence will not be set aside. *Dinneen,* 100 Idaho at 626, 603 P.2d at 576. In this case, the jury was confronted with conflicting medical testimony concerning the source and extent of Mrs. Masters' injuries. It is the jury's responsibility to weigh the evidence and choose between conflicting testimony. The judge also heard exactly the same evidence as the jury. From the verdict and the trial judge's denial of the motion for a new trial, it is apparent that the judge and jury accepted Dr. Schaffert's testimony regarding the lack of objective symptoms and that they doubted the credibility of Mrs. Masters concerning subjective symptoms. The jury and the district court were in a better position than we to evaluate the witnesses and their testimony. We find there was no abuse of discretion in denying the motion for new trial.

The Masters next challenge the relevancy of a car seat they contend was improperly admitted into evidence. The Deweys, using a seat similar to the one in the Masters' car, attempted to discredit Mrs. Masters' testimony of how she injured her neck. Because the Masters had sold their car prior to trial, the Deweys used a car seat from a car which was the same model as the Masters' car but a different year. Dr. Schaffert testified that Mrs. Masters had told him she sustained her whiplash injury when the lower part of her neck went over the back of her headrest. Mrs. Masters denied making this statement to the doctor but acknowledged in cross-examination that her neck did strike the headrest. At trial, the Deweys had Mrs. Masters arrange the headrest on the demonstrative car seat to show its position at the time of the accident. The headrest was down and tilted as far back toward the rear of the car as possible. The Masters assert on appeal that admission of the seat was a "procedural irregularity" which justifies a new trial.

The admission of an exhibit for demonstrative purposes depends on whether the exhibit supplements the testimony of witnesses or assists the jury in obtaining a better understanding of facts in issue. 29 AM.JUR.2d, *Evidence* § 771 (1976). Exhibits are inadmissible for demonstrative purposes "when they do not illustrate or make clearer some issue in the case—that is, where they are irrelevant or immaterial—or where they are of such a character as to prejudice the jury." *Workman v. McIntyre Construction Co.,* 617 P.2d 1281, 1291 (Mont.1980). Admission or exclusion of relevant demonstrative evidence is determined by the trial court through balancing the probative value of the evidence against the dangers of unfair prejudice, distraction, confusion of issues and waste of time. I.R.E. 403. The judge initially excluded the car seat when the Deweys failed to lay a proper foundation for its admission. Once a foundation was laid, the car seat was admitted. With admission of the seat, the jury was able to observe the headrest which Mrs. Masters hit when her car was struck. How Mrs. Masters actually sustained the injury was a material fact in issue at the trial. The Deweys' attempt to show the improbability of Mrs. Masters' neck going over the back of the headrest also touched the issue of Mrs. Masters' credibility. We find that the court did not err by admitting the seat.

The next issue requires us to examine the award of costs to the Deweys and the interplay between Rules 54(d)(1) and 68, I.R.C.P. Ten days before trial, the Deweys made an offer of judgment for $10,000 which was rejected by the Masters. After the trial, the district court awarded costs to the Deweys and denied the Masters' costs. The Masters objected to the awarding of costs incurred prior to the offer of judgment.

Rule 68 recites in pertinent part: "If the judgment, including attorneys fees and costs, finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs, as allowed under Rule 54(d)(1), *incurred after the making of the offer.*" (Emphasis added). Rule 54(d)(1) provides that costs shall be allowed as a matter of right to the prevailing party unless otherwise ordered by the court. *Odziemek v. Wesely*, 102 Idaho 582, 634 P.2d 623 (1981). In *Odziemek* the defendant was found to be the prevailing party when the plaintiff was awarded only nominal damages in a $250,000 suit. The defendant had made an offer of judgment prior to trial that was greater than the damages awarded by the jury. Our Supreme Court affirmed the award of all costs to the defendant, including those costs incurred prior to the offer of judgment, because the defendant prevailed at trial. 102 Idaho at 582, 634 P.2d at 623. Thus, where a party has made an offer of judgment greater than the opponent's recovery and the offeror also is the prevailing party at trial, that party may receive its justified costs under I.R.C.P. 54(d). There is, of course, a clear difference between recovery of costs under rule 54(d)(1) and rule 68. When the conditions of rule 68 are satisfied, the award of costs incurred after the offer is made is mandatory. The award of costs to a prevailing party under rule 54(d)(1) is broader—encompassing pre-offer costs—but is also discretionary, i.e., "shall be allowed ... unless otherwise ordered by the court." I.R.C.P. 54(d)(1).

In this case, the court found that the Masters "did not prevail in [this] action." The court awarded $1,265.55 for costs as a matter of right and $815 discretionary costs to the Deweys. Although one may assume that the court determined that the Deweys prevailed and thus were awarded their costs, we find no mention of this fact in the record. The record merely reflects that the Deweys were awarded all but $65.00 of their costs. Further, the district court did not "make express findings as to why such specific item[s] of discretionary cost should or should not be allowed" following the timely objections to such costs by the Masters. I.R.C.P. 54(d)(1)(D). As noted, any post-offer costs would be mandatory under rule 68. We believe the district court should have explicitly stated which costs were recoverable under rule 68 and which costs were recoverable under rule 54(d)(1), together with a statement of reasons supporting award of any discretionary costs under rule 54, in the event the Deweys were found to be the prevailing party at trial. Accordingly, we must remand this case back to the district court for a determination of costs consistent with this opinion.

The order denying Masters' request for a new trial is affirmed. The case is remanded for determination of costs. Each party to bear their own costs on appeal. No attorney fees.

BURNETT and SWANSTROM, JJ., concur.