845 P.2d 564

**IDAHO DEPARTMENT OF HEALTH AND WELFARE, Plaintiff–Appellant,**

v.

**SOUTHFORK LUMBER COMPANY and Russell J. Vessey and Freddie R. Vessey, individually, and d/b/a Southfork Lumber Company, Defendants–Respondents.**

**No. 19802.**

Supreme Court of Idaho, Lewiston, October 1992 Term.

Jan. 29, 1993.

Larry EchoHawk, Atty. Gen., John C. McCreedy, Deputy Atty. Gen. (argued), Boise, for plaintiff-appellant.

Robert E. Kinney, Orofino, for defendants-respondents.

TROUT, Justice.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

This action began as an effort by the appellant Department of Health and Welfare (Department) to regulate the construction and operation of a wigwam burner by respondent Southfork Lumber Company (Southfork). After those efforts were unsuccessful the Department brought suit against Southfork seeking injunctive relief, civil penalties and expenses pursuant to Title 39, Chapter 1 of the Idaho Code, the Idaho Environmental Protection and Health Act (EPHA).

In June, 1989, the trial court entered an injunction enjoining further construction or operation of the wigwam burner. The court awarded the Department "expenses" as provided by I.C. § 39–108, finding that the Department had prevailed in the action, but that Southfork did not defend the action frivolously, unreasonably, or without foundation. On August 10, 1989, the trial court temporarily lifted the injunction, awarded the Department $556.04 in costs pursuant to I.R.C.P. 54 and denied any further costs or attorney fees. Fourteen days later the Department served a motion to alter or amend under I.R.C.P. 59(e) which was filed with the clerk of the court the following day. In that motion the Department alleged that Southfork had violated the terms of the August 10 court order, but did not contest the denial of attorney fees.

In January, 1990, the trial court awarded the Department a $250 penalty against Southfork for violation of opacity standards in Southfork's operation of the wigwam burner and awarded the Department its expenses incurred in pursuing the violation. The Department submitted a cost bill but did not request attorney fees at that time. Thereafter the Department filed a notice of appeal from the August 10, 1989, order denying their attorney fees as a part of the expenses incurred in enforcing the EPHA.

In an unpublished opinion filed December 17, 1991, the Court of Appeals dismissed the Department's appeal holding that the Department's Rule 59(e) motion was not *filed* within 14 days of entry of the August 10 order, although *served* on Southfork within 14 days of that order. Thus the Court of Appeals held that the time period for appeal was not tolled by the filing of the motion to alter or amend and, therefore, the filing of the appeal in February, 1990, was not timely. We granted the petition for review as a result of another pending case involving the same issue.

## II.

### TIMELINESS OF APPEAL

At the time the Court of Appeals dismissed the appeal in this case, we had not yet issued our opinion in *McIntire v. Orr*, 122 Idaho 351, 834 P.2d 868 (1992). In that case we discussed precisely the same issue as presented here and held that a motion to alter or amend under Rule 59(e) was timely so long as it was *served* within 14 days of entry of the judgment. Idaho Appellate Rule 14 provides that the time limit for filing an appeal is tolled by the filing of a timely motion "which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action...." Thus we held that the timely service of a motion to alter or amend under Rule 59(e) would toll the limitation period for filing the notice of appeal until a decision is rendered on the motion.

In the case at bar, the Department *served* a Rule 59(e) motion within 14 days of the August 10, 1989, order. This was timely for purposes of Rule 59(e) and thus tolled the time for filing an appeal under I.A.R. 14. The trial court ruled on the 59(e) motion on January 2, 1990, and the Department appealed within 42 days thereafter as required by I.A.R. 14. Therefore, under *McIntire*, the Department's appeal was timely and should not have been dismissed.

On appeal to this Court, Southfork urges that the appeal should be dismissed because the Department's motion to alter or amend did not deal directly with the issue of attorney fees. Thus it is Southfork's contention that the Department has failed to preserve the right to appeal from that portion of the trial court's August 10 order denying attorney fees as expenses.

The Department has designated that it is appealing from the court's August 10 order, which necessarily includes any issues which are a part of that judgment or order. Because we have held that the Department's appeal was timely, it was timely as to all issues from which an appeal could be taken, not just those mentioned in the motion to alter or amend. The interests of efficient case management would not be served by interpreting the rules to require that a party must appeal from each issue as it is decided or risk losing the right to appeal once the case has been concluded.

We therefore vacate the Court of Appeals' opinion dismissing appellant's appeal.

## III.

### REQUEST FOR ATTORNEY FEES

■ The crux of the Department's appeal involves an interpretation of the term "any expense" as it is used in I.C. § 39–108. The pertinent part of that statute provides as follows:

> 6. In addition to such civil penalties, any person who has been determined to have violated the provisions of this act or the rules, regulations, permits or orders promulgated thereunder, shall be liable for any expense incurred by the state in enforcing the act, or in enforcing or terminating any nuisance, source of environmental degradation, cause of sickness, or health hazard.

It is the Department's position that the term "any expense" includes not only all out-of-pocket costs incurred by the Department in its enforcement activities, but also a fee for the deputy attorney general who represents the Department in these cases.

Our analysis begins with I.R.C.P. 54(e)(1) which permits the court to award reasonable attorney fees to the prevailing party "when provided for by any statute or contract." That rule thereafter provides that fees may only be awarded under I.C. § 12–121 when the court finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation. Because the district judge specifically found that Southfork did not defend the case frivolously, unreasonably or without foundation, and the Department did not challenge this finding on appeal, that portion of the rule and § 12–121 are not implicated.

We have recognized in our cases that we adhere to the so-called "American rule" to the effect that attorney fees cannot be recovered in an action unless authorized by statute or by express agreement of the parties. *Hellar v. Cenarrusa,* 106 Idaho 571, 682 P.2d 524 (1984); *Idaho Power Co. v. Idaho Pub. Util. Comm'n.,* 102 Idaho 744, 639 P.2d 442 (1981). In *Idaho Power* we recognized that the legislature has only authorized the award of attorney fees in a number of clearly defined and limited contexts. We then noted that "[f]rom the foregoing statutes, it is clear that the Idaho legislature has provided for the award of attorney fees specifically when it so intends, and only when it so intends." *Id.* at 751, 639 P.2d at 449.[1]

In a number of specific provisions, the legislature has allowed state agencies to recover attorney fees as part of the cost of enforcing state regulations. The department of finance may recover "investigative expenses and attorney's fees" in an action to enforce the provisions of the Mortgage Company Act. I.C. § 26–2806(1)(c). Provisions in Title 22 of the Idaho Code allow the department of agriculture to recover attorney fees for violations of various soil and pesticide regulations. I.C. §§ 22–1104; 22–2211; 22–3423. Under the Hazardous Waste Management Act, the state may recover costs including the "reasonable value of attorneys' services." I.C. § 39–4414(2)(b). There are no such provisions in the EPHA.

The Department has referred to a 1985 decision of the Court of Appeals and to subsequent action taken by the legislature as an indication of what the legislature intended by the use of the term "any expense" in the EPHA. In *Lindstrom v. District Bd. of Health Panhandle Dist. I,* 109 Idaho 956, 712 P.2d 657 (Ct.App.1985), the Court of Appeals interpreted the term "any extraordinary expense" as that term was used in the Public Health Act. That Act provided in § 39–419 that a person

---

1. A current review of the Idaho Code reveals that when the legislature has authorized the award of attorney fees, it has done so by expressly using the terms "attorney" or "legal" to describe the fees. Idaho Code §§ 1–2311; 6–324; 6–918A; 6–1703; 12–117; 12–120; 12–121; 12–122; 12–123; 15–3–720; 22–1104; 22–1702; 22–2211; 22–3315; 22–3423; 26–1825; 26–2806; 27–504; 28–3–510A; 28–3–510C; 28–43–311; 28–43–312; 28–45–201; 30–1–5; 30–1446; 32–704; 36–1510; 39–4127; 39–4414; 41–1209; 41–1839; 44–2008; 45–413; 45–513; 45–615; 45–1809; 46–407; 48–608; 48–614; 49–1630; 52–415; 53–261; 54–1929; 54–2919 (through 48–608); 55–2016; 55–2205; 61–617A; 62–409; 72–804.

found to be in violation of its provisions would be liable for "any extraordinary expense incurred by the district board of health in enforcing this act...." The Court of Appeals held that the term was not intended to encompass attorney fees incurred in defending the validity of the district's regulations. *Id.* at 963, 712 P.2d at 664. Thereafter the Idaho legislature amended the statute to delete the word "extraordinary." From this action the Department asks us to conclude that the legislature intended that "expense" should include attorney fees.

However, in 1992 the legislature added language to § 421 of the Public Health Act providing that if the Board appoints special counsel, the Board could recover the cost of special counsel under the provisions of § 39–419. Through this amendment, it appears that the legislature intended that the expenses of special counsel should be recovered from persons violating the Act. If the legislature intended to include attorney fees in the "any expense" provision of § 419 alone, then the amendment to § 421 would be superfluous because the costs of special counsel would already be covered by § 419.

Although the provisions of EPHA also allow the Department to employ private counsel under I.C. § 39–109, there is no similar provision which expressly allows the Department to recover the cost of employing such counsel. Nor is there is any provision in the EPHA which specifies that attorney fees or costs of litigation are to be paid by the violator. Accordingly, we do not believe the phrase "any expense" in I.C. § 39–108 was intended to include attorney fees.

## IV.

### REQUESTS FOR COSTS UNDER I.C. § 39–108(6)

█ In the judgment of August 10, 1989, the trial court awarded the Department costs pursuant to I.R.C.P. 54. The parties do not dispute that the Department is entitled to costs; rather the issue is whether the trial court erred by not considering costs under the provisions of I.C. § 39–108 rather than under Rule 54.

█ The legislature has made it clear that an award of expenses under the EPHA is mandatory and unqualified, stating that a person who violates the Act "shall be liable for any expense." By using the term "any expense" rather than "costs", the legislature apparently intended a more extensive recovery of costs than is contemplated by I.C. § 12–101 and Rule 54. For this reason, the trial court should consider the Department's request for costs according to I.C. § 39–108(6) rather than Rule 54(d)(1). We note, however, that the trial court retains the discretion to determine which of these expenses were reasonably incurred by the Department.

We remand this case to the trial court to determine the issue of costs pursuant to I.C. § 39–108(6). We affirm the trial court on the issue of attorney fees. No costs or attorney fees on appeal.

BAKES, C.J., and BISTLINE, JOHNSON and McDEVITT, JJ., concur.