910 P.2d 155

SAINT ALPHONSUS REGIONAL MED-
ICAL CENTER, a non profit corpo-
ration, Plaintiff–Respondent,

v.

Richard L. BANNON, Charles
Summers, Defendants,

and

Jeffrey Stringer, Defendant–Appellant.

FARMERS INSURANCE,
Plaintiff–Respondent,

v.

ST. ALPHONSUS REGIONAL MEDICAL
CENTER, INC., Defendant–
Respondent,

and

Jeffrey Stringer, Defendant–Appellant.

No. 21183.

Supreme Court of Idaho,
Boise, February 1995 Term.

May 24, 1995.

Wm. Breck Seiniger Jr., Boise, for defendant-appellant.

Skinner, Fawcett & Mauk, Boise, for plaintiff-respondent St. Alphonsus Regional Medical Center. Charles W. Fawcett argued.

McDEVITT, Chief Justice.

## BACKGROUND

Appellant Jeffrey Stringer (Stringer) is a resident of Jordan Valley, Oregon. On February 6, 1992, Stringer was a passenger in a vehicle operated by Richard L. Bannon (Bannon), a resident of Jordan Valley. The vehicle was owned by Charles Summers (Summers), a resident of Marsing, Idaho. Summers was insured by Farmers Insurance Company (Farmers).

Stringer sustained injuries when Bannon was involved in an automobile accident in Malheur County, Oregon. Stringer was then transported to St. Alphonsus, in Boise, Idaho, where he received medical treatment.

On October 29, 1992, St. Alphonsus filed a complaint against Bannon, Summers and Stringer alleging that, pursuant to I.C. § 45–702,[1] it had perfected a lien for the reasonable charges for its hospital care, treatment and maintenance of Stringer against any and all causes of action, suits, claims, counterclaims, or demands accruing to Stringer against Bannon or Summers as a result of the February 6 accident. In its complaint St. Alphonsus prayed for an order declaring the validity of its lien and its priority over any other claims or liens against any causes of action then or thereafter brought on behalf of Stringer against Bannon and Summers. St. Alphonsus also prayed for entry of an order establishing that St. Alphonsus was entitled to collect the sum of $64,604.08, plus

1. **45–702. Perfecting lien—Statement of claim—Contents—Filing.**—In order to perfect such lien, an officer or agent of such hospital, before, or within ninety (90) days after, such person shall have been discharged therefrom, shall file in the office of the recorder of the county in which such hospital shall be located a verified statement in writing setting forth the name and address of such patient, as it shall appear on the records of such hospital, the name and location of such hospital, and the name and address of the officer or agent of such hospital ... filing the lien, the dates of admission to and discharge of such patient therefrom, the amount claimed to be due for such hospital care, and, to the best of claimant's knowledge, the names and addresses of all persons, firms, or corporations claimed by such injured person or the legal representative of such person, to be liable for damages arising from such injuries; such claimant shall also, within one (1) day after the filing of such claim or lien, mail a copy thereof, postage prepaid, to each person, firm, or corporation so claimed to be liable for such damages, at the address so given in such statement. The filing of such claim or lien shall be notice thereof to all persons, firms or corporations liable for such damages, whether or not they are named in such claim or lien.

interest, out of any funds available to satisfy claims of Stringer against Bannon or Summers.

Stringer filed a motion for summary judgment, to which St. Alphonsus agreed that summary judgment disposition was proper. On May 13, 1993, the court granted Stringer's motion insofar as it requested a dismissal of St. Alphonsus' lien claim against Stringer, but expressly preserved St. Alphonsus' lien claim against Bannon and Summers. In dismissing St. Alphonsus' claim against Stringer, the court concluded that it did not have *in personam* jurisdiction over Stringer in the context of St. Alphonsus' I.C. § 45–704 [2] lien foreclosure action, or subject matter jurisdiction over a cause of action Stringer had filed against Bannon in Oregon. However, the court granted St. Alphonsus fourteen (14) days to amend its complaint to include a contract claim or other claim against Stringer at its election, without reaching the issue of whether or not it would have *in personam* jurisdiction over such a claim. St. Alphonsus declined to amend its complaint, and on June 23, 1993, the district court entered an order dismissing "all claims against Jeffrey Stringer" with prejudice.

On November 29, 1993, Farmers Insurance filed an interpleader action, pursuant to I.C. § 5–321, naming Stringer and St. Alphonsus as the competing claimants to the $25,000 it tendered to the court. This amount represented the limit of its liability on Summers' insurance policy for the injuries Stringer sustained. In its complaint, Farmers expressly acknowledged its liability, on behalf of Summers, to Stringer.

On January 7, 1994, Farmers' interpleader action was consolidated with St. Alphonsus' lien foreclosure action against Bannon and Summers, pursuant to a stipulation entered by Farmers, Stringer, and St. Alphonsus.

On January 10, 1994, Stringer filed a motion for summary judgment, alleging that St.

Alphonsus' medical lien was barred by the doctrine of *res judicata,* by virtue of the court's earlier dismissal of all claims against Stringer with prejudice. St. Alphonsus responded with a cross-motion for summary judgment, acknowledging that the underlying facts were undisputed but alleging that Stringer's dismissal as a party defendant in the lien foreclosure action was irrelevant to the interpleader action.

On January 28, 1994, Stringer filed an amended motion for summary judgment, expressly disavowing any present claim to the interpled funds in Idaho and further alleging that St. Alphonsus' lien could not attach to the funds because Stringer had not asserted a cause of action or claim in Idaho.

On February 4, 1994, the district court entered an order awarding the interpled funds to St. Alphonsus, pursuant to its I.C. § 45–704 lien foreclosure action against Summers.

## DISCUSSION

### I. St. Alphonsus' lien is not barred by the claim preclusion component of the doctrine of *res judicata.*

■ Stringer argues that, because St. Alphonsus declined to amend its original complaint to state a contract claim against him and the court subsequently dismissed all of St. Alphonsus' claims against Stringer with prejudice, St. Alphonsus is now barred by the doctrine of *res judicata* from asserting its lien foreclosure claim against Summers. Stringer bases this argument on the mistaken assumption that the dismissal precludes St. Alphonsus from asserting a contract claim against him for the underlying debt which, in turn, Stringer argues, precludes St. Alphonsus from asserting a lien under I.C. § 45–701 for payment of that debt.

**2. 45–704. Release of lien—Action to enforce lien.**—No release of such causes of action, or any of them, or of any judgment thereon, shall be valid or effectual as against such lien unless such lienholder shall join therein, or execute a release of such lien, and the claimant, or assignee of such lien may enforce such lien by an action against the person, firm or corporation liable for such damage, which action shall be commenced and tried in the county in which such lien shall be filed, unless ordered removed to another county by the court for cause. If the claimant shall prevail in such action, the court may allow reasonable attorney's fees and disbursements. Such action shall be commenced within two (2) years after the filing of such lien.

■ However, the claim preclusion component of *res judicata* does not apply if there has not been a final adjudication on the merits. *Gilbert v. Nampa School Dist. No. 131*, 104 Idaho 137, 140, 657 P.2d 1, 4 (1983). Here, the district court dismissed St. Alphonsus' claim against Stringer for lack of jurisdiction. Thus, there was no final adjudication on the merits and St. Alphonsus' claims against Stringer are not barred. *Cf. Gilbert*, 104 Idaho at 140–41, 657 P.2d at 4–5 (dismissal for lack of standing is not an adjudication on the merits for *res judicata* purposes); *Gaige v. City of Boise*, 91 Idaho 481, 485, 425 P.2d 52, 56 (1967) (doctrine of *res judicata* did not bar subsequent action when first action dismissed for lack of ripeness).

## II. The issue of whether St. Alphonsus waived its lien was waived by Stringer on appeal.

■ When issues cited on appeal are not supported by propositions of law, authority, or argument, they will not be considered. I.A.R. 35; *Phipps v. Phipps*, 124 Idaho 775, 780, 864 P.2d 613, 618 (1993); *Murray v. Farmers Ins. Co.*, 118 Idaho 224, 226, 796 P.2d 101, 103 (1990); *In re the of Estate of Freeburn*, 101 Idaho 739, 741, 620 P.2d 773, 775 (1980). Stringer does not support this issue with either authority, argument, or propositions of law in his briefing, therefore this Court need not consider it.

## III. St. Alphonsus is not judicially estopped from asserting its lien.

■ Stringer argues that, because St. Alphonsus conceded in the initial summary judgment hearing that Stringer had not filed a cause of action in Idaho over which the court could exercise subject matter jurisdiction, St. Alphonsus is judicially estopped from claiming in the subsequent interpleader action that there was a cause of action to which its lien could attach. However, St. Alphonsus merely acknowledged that no claim had *then* been filed. The attorney for St. Alphonsus specifically noted, "[t]hat's not to say he doesn't have demands or claims or something of that sort if he hasn't filed an action." [Tr. p. 11, LL. 9–13]. Thus, because St. Alphonsus' position in the interpleader action is not contrary to its earlier assertion, there is nothing to estop.

## IV. The district court had jurisdiction over the interpleader action.

### A. Whether Stringer files a claim against Bannon or Summers is irrelevant.

■ Stringer first argues that, because he never filed a claim against either Bannon or Summers in Idaho, there was no cause of action in Idaho to which St. Alphonsus' lien could attach.

I.C. § 45–701 states that entities operating hospitals in Idaho "shall be entitled to a lien for the reasonable charges for hospital care, treatment and maintenance of an injured person upon any and all causes of action, suits, claims, counterclaims, or demands *accruing* to the person to whom such care, treatment or maintenance is furnished." (emphasis added). St. Alphonsus' right to a lien under I.C. § 45–701 is determined by what, if any, causes of action accrued to Stringer, not when, if ever, Stringer files a claim. Furthermore, I.C. § 45–704, clearly states that St. Alphonsus may enforce its lien "by an action against the person, firm or corporation liable for such damages."

Thus, St. Alphonsus' right to assert a lien on Stringer's causes of action against Bannon or Summers under I.C. § 45–701, or its right to enforce that lien under I.C. § 45–704, is not contingent on Stringer doing anything.

### B. The district court had subject matter jurisdiction over the interpled fund.

■ Stringer next argues that, because he did not assert a claim in Idaho to the insurance proceeds for an accident which occurred in Oregon, the district court did not have subject matter jurisdiction over the interpled funds. However, an action to foreclose a lien is an *in rem* action, for which jurisdiction is determined by the *situs* of the property against which foreclosure is sought. The property—the $25,000 that Farmers acknowledged it was liable to pay on account of the cause of action which had accrued to Stringer against its insured—was deposited

with the court in Idaho. Thus, the district court had subject matter jurisdiction over the interpled funds.

### C. Stringer may have been necessary and indispensable, but he was also present.

Finally, Stringer's argument that St. Alphonsus could not proceed on its lien foreclosure claim without him because he was a necessary and indispensable party is likewise unavailing.

Stringer consented to the court's *in personam* jurisdiction over him in the interpleader action, which action afforded him the opportunity to protect any interest he chose to assert in the interpled funds. The fact that he chose not to assert a personal interest in the fund, but instead limited his appearance in the interpleader action to a challenge of St. Alphonsus' right to the money, is of no consequence.

### CONCLUSION

For the foregoing reasons, the order of the district court granting summary judgment in favor of St. Alphonsus is affirmed. Costs on appeal are awarded to St. Alphonsus.

JOHNSON, TROUT, SILAK, JJ., and LEGGETT, Justice Pro Tem, concur.