974 P.2d 73

**Katherine M. PERKINS, Plaintiff–Respondent,**

v.

**U.S. TRANSFORMER WEST, a foreign corporation, Defendant–Appellant.**

**No. 24142**

Supreme Court of Idaho, Boise, October 1998 Term.

Feb. 23, 1999.

Service, Gasser & Kerl, Pocatello, for appellant. Steven V. Richert argued.

Beard, St. Clair, Peterson, Sullivan, PA, Idaho Falls, for respondent. Michael D. Gaffney argued.

TROUT, Chief Justice.

This is an appeal from an amended judgment entered by the trial court awarding respondent costs and attorney fees.

## I.

## BACKGROUND

On August 14, 1996, Respondent, Katherine Perkins (Perkins), filed a complaint against Appellant, U.S. Transformer West, Inc. (Transformer), alleging four counts of unlawful discrimination. Two of the counts asserted that Perkins had been paid less than her male counterparts under I.C. § 67–5909(1) and I.C. § 44–1702; a third asserted discrimination regarding the terms, conditions and privileges of employment under I.C. § 67–5909(1); and a fourth asserted constructive discharge. On May 16, 1997, after a four-day jury trial, the jury entered a special verdict finding that Transformer had indeed paid Perkins less than her male counterparts. The jury did not find that Transformer had willfully discriminated against Perkins or that Perkins had been constructively discharged.

Judgment was entered on May 19, 1997, awarding Perkins $10,000. Perkins subsequently sought attorney fees and costs pursuant to I.C. § 44–1704(2). Transformer objected to Perkins' motion for costs and attorney fees. The trial court considered Perkins' motion for costs and attorney fees on July 10, 1997, and ordered Perkins to submit an affidavit allocating the expert witness fees of Dr. Cory Hofman (Hofman) and the claimed attorney fees between Perkins' equal pay claim and the discriminatory discharge claim. Perkins submitted the requested affidavits and suggested that the total attorney fees be reduced by fifteen percent. Hofman allocated his fees and Perkins requested those fees, minus $500 given as a matter of right (and an unaccounted for $3.75), be awarded as discretionary costs. The district court awarded Perkins all of the requested fees except for $40 of the requested costs as a matter of right, which amounted to $1,247.30 in costs as a matter of right, $1,297.88 in discretionary costs and $12,943.75 in attorney fees. Transformer appealed the amended judgment.

## II.

## ATTORNEY FEES UNDER
### I.C. § 44–1704(2)

### A. Standard of Review

The calculation of reasonable attorney fees is within the discretion of the trial court. *Bott v. Idaho State Bldg. Auth.*, 128 Idaho 580, 592, 917 P.2d 737, 749 (1996). The burden is on the person disputing the award to show an abuse of discretion. *Foster v. Shore Club Lodge, Inc.*, 127 Idaho 921, 927, 908 P.2d 1228, 1234 (1995).

The sequence of inquiry as to whether the trial court abused its discretion is: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

### B. The correct measure of attorney fees under I.C. § 44–1704(2) is I.R.C.P. 54(e).

Idaho Code § 44–1704(2) states that in an action to recover liability by an employ-

ee, the "court in such action shall, in cases of violation in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant." Both Perkins and Transformer spent a significant amount of time in this appeal disputing whether the measure for costs under I.C. § 44–1704(2) should be the federal "lodestar" method used in Federal Fair Labor Standards actions. However, I.R.C.P. 54(e)(8) provides that the provisions of Rule 54(e) relating to attorney fees shall be applicable to any claim for attorney fees made pursuant to any statute to the extent that the application is not inconsistent with that statute. Neither party argues that I.C. § 44–1704(2) is inconsistent with Rule 54(e)(8) and therefore displaces Rule 54(e)(3) as the measure of attorney fees. Additionally, we see no reason to apply federal law to a state law cause of action. Idaho Code § 44–1704(2) is not a statute that Idaho has adopted from federal law. Accordingly, we find that the proper measure of attorney fees under I.C. § 44–1704(2), a state law cause of action, is governed by our rule of civil procedure, Rule 54(e)(3).

In this case, however, the record is insufficient for a review of the standard the district court used to determine Perkins' attorney fees. The record is also insufficient for a review of the district court's exercise of discretion in applying that standard. We have stated that it is the responsibility of the parties to provide a sufficient record to this Court from which the Court can exercise review. *Chenoweth v. Sanger*, 123 Idaho 189, 191, 846 P.2d 191, 193 (1993). Additionally, we have held that the district court need not make specific findings demonstrating how it employed any of the factors listed in Rule 54(e)(3). Rather, the court is only required to consider the stated factors in determining the amount of the fees. *Empire Fire and Marine Ins. Co. v. North Pacific Ins. Co.*, 127 Idaho 716, 720, 905 P.2d 1025, 1029 (1995). We have also stated that it is preferable that the trial court list its specific findings on each factor in Rule 54(e)(3), but the lack of written findings in itself cannot be considered a manifest abuse of discretion. *Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 351, 766 P.2d 1227, 1232 (1988). "The signifi-

cance of written findings is to provide the reviewing court with adequate information to review." *Id.* In *Brinkman*, the record established that several of the eleven factors in Rule 54(e)(3) were argued and briefed to the court. The trial court wrote only on the contingent fee element and not the other factors. We determined that a profile of the record provided enough information to presume that the trial judge had considered the other pertinent factors enumerated in the statute. *Id.*

In this case, the only record of the trial court's decision is a Minute Entry & Order which recites that there was a hearing, that the court reviewed the motion, supporting affidavit and objection and that he was allowing Perkins time to allocate the fees between the equal pay claim and the discriminatory discharge claim. Thereafter, another affidavit was filed by Perkins' counsel apportioning the fees and costs. Finally, there is an amended judgment awarding the fees and costs essentially as requested in the second affidavit. There is no transcript of the hearing and no memorandum decision or findings by the trial court informing the parties or this Court of how he determined a proper award of attorney fees. This Court can assume from the Minute Entry & Order that the district judge determined fees should only be awarded on the unequal pay cause of action; however, we have no way to determine what standards the district judge applied in determining the reasonableness of the fees requested or whether he acted consistently with those legal standards. This record is unlike the record in *Brinkman* where we were able to determine that the district court had at least considered the factors listed in Rule 54(e)(3).

Although the burden of demonstrating an abuse of discretion is on Transformer, the district court should, at a minimum, provide a record establishing that the court considered the factors under the rule. Here, the district court provided no information for this Court to determine what standard he applied or whether he applied that standard correctly. Accordingly, we vacate the award of attorney fees and remand for further consid-

eration by the district court consistent with this opinion.

### C. Paralegal Fees

■ Transformer argues that paralegal fees were improperly included in the award to Perkins. The record indicates that paralegal fees were included as attorney fees in Perkins' second affidavit, which apportioned the fees between the equal pay claim and the discriminatory discharge claim. Since the trial court awarded all of the attorney fees requested after the fees had been apportioned, we assume that paralegal fees were awarded.

As this Court clearly stated in *Hines v. Hines:*

> Fees for paralegal services clearly are not contemplated as awardable attorney's fees or costs under I.R.C.P. 54(e)(3). Although the United States Supreme Court has approved an award for paralegal fees, . . ., we conclude that the Supreme Court's reasoning is inapplicable to our Idaho Rule 54(e)(3), I.R.C.P.

129 Idaho 847, 855, 934 P.2d 20, 28 (1997) (citations omitted). We find that any award of paralegal fees was improper and on remand, the trial court should not include paralegal fees as a part of the award to Perkins.

### III.

### COSTS OF THE ACTION

### A. Standard of Review

■ The determination of costs is left to the discretion of the trial court. *Idaho Dep't of Health v. Southfork Lumber Co.,* 123 Idaho 146, 149, 845 P.2d 564, 567 (1993). The burden is on the party opposing the award to demonstrate an abuse of the district court's discretion, and absent an abuse of discretion the district court's award of costs will be upheld. *Zimmerman v. Volkswagen of America, Inc.,* 128 Idaho 851, 857, 920 P.2d 67, 73 (1996).

### B. The correct basis for awarding costs under I.C. § 44–1704(2) is I.R.C.P. 54(d)(1).

Transformer argues that Rule 54(d)(1) is the correct law to apply when awarding costs under I.C. § 44–1704(2). Transformer also argues that the trial court erred in awarding discretionary costs for two reasons: (1) there was no showing that the "costs were necessary and exceptional;" and (2) upon objection to the costs, the trial court did not make express findings as to why the costs were allowed pursuant to Rule 54(d)(1)(D). Perkins argues that Rule 54(d)(1) does not apply to I.C. § 44–1704(2) because I.C. § 44–1704(2) mandates an unqualified cost allowance and no statute or rule specifically brings I.C. § 44–1704(2) within Rule 54(d).

■ The language of I.C. § 44–1704(2) states that "[t]he court in such action [to recover liability under I.C. § 44–1702] shall, in cases of violation in addition to any judgment awarded to the plaintiff or plaintiffs, allow . . . *costs of the action.*" (emphasis added). Although the language of I.C. § 44–1704(2) is broader than the language of Rule 54(d)(1), which specifies costs as either "costs as a matter of right" or "discretionary costs," we hold that Rule 54(d)(1) is the proper measure for costs under I.C. § 44–1704(2). Without specific language to the contrary in the statute, our rules of civil procedure provide the correct basis by which to measure an award of costs in such an action. This case is unlike *Idaho Department of Health v. Southfork Lumber Co.,* 123 Idaho 146, 149, 845 P.2d 564, 567 (1993) where we held that I.C. § 39–108, which allows an award of "any expense" rather than "costs," permitted a more expansive recovery than that contemplated by Rule 54 and we stated that the trial court should consider the costs according to I.C. § 39–108(6) rather than Rule 54(d)(1).

■ As with the attorney fees, the record is insufficient for a review of the standard the district court used to determine Perkins' costs. Without a transcript or specific findings by the trial court, it is impossible to evaluate the basis upon which the trial court determined the award of discretionary costs. However, we note that if indeed the district court did apply Rule 54(d)(1), as to discretionary costs, the district court did so incorrectly by not ruling "that said costs were necessary and exceptional costs reasonably incurred, and should in the interest of justice

**432**

be assessed against the adverse party." I.C.R.P. 54(d)(1)(D). Additionally, upon Transformer's objection to costs the court did not "make express findings as to why such specific item of discretionary cost should or should not be allowed." *Id.*

Because the district judge no made findings by which we can evaluate either the standard used for determining costs or his exercise of discretion, we vacate the award of costs and remand for further consideration by the district court consistent with this opinion.

### IV.

### ATTORNEY FEES AND COSTS ON APPEAL

Perkins argues that she should be awarded attorney fees and costs on appeal pursuant to I.A.R. 41 because no cogent challenge has been presented by Transformer regarding the trial court's exercise of discretion. Because of our holding, we find no basis for an award of fees on appeal to Perkins.

Transformer also seeks an award of attorney fees. The only argument Transformer presents on the issue is a single sentence in the "Conclusion" section of their brief. "This Court will not consider issues cited on appeal that are not supported by propositions of law, authority or argument." *Meisner v. Potlatch Corp.,* 131 Idaho 258, 263, 954 P.2d 676, 681 (1998) (citing *Saint Alphonsus Reg'l. Med. Ctr. v. Bannon,* 128 Idaho 41, 910 P.2d 155 (1995)). Thus, the Court declines to consider the issue of attorney fees on appeal as they relate to Transformer.

### V.

### CONCLUSION

We conclude that it is necessary to vacate the award of attorney fees and costs and remand for further determination by the district court consistent with this opinion. No attorney fees are awarded to either party on appeal. Costs are awarded to Transformer.

Justices SILAK, SCHROEDER, WALTERS and Justice Pro Tem JOHNSON, CONCUR.