120 P.3d 748

**Stan C. STEWART, Plaintiff–Appellant,**

v.

**Mark McKARNIN, Defendant–
Respondent.**

No. 30128.

Court of Appeals of Idaho.

Aug. 23, 2005.

Bowen, Gardner Bailey, LLP, Boise, for appellant.

Brassey, Wetherell, Crawford McCurdy, Boise, for respondent.

GUTIERREZ, Judge.

Stan C. Stewart appeals from the district court's amended judgment awarding discretionary costs to Mark McKarnin. We reverse and remand for a determination of discretionary costs consistent with this opinion.

## I.

### FACTUAL AND PROCEDURAL SUMMARY

Stewart is a ski instructor for the Sun Valley Company. On March 16, 2000, Stewart was giving a skiing lesson to a group of students at the Sun Valley Resort when McKarnin, another skier, struck him. The collision resulted in injuries to Stewart's right knee, which required surgery. Stewart brought a negligence action against McKarnin alleging that McKarnin was skiing at an excessive speed causing him to be out of control. Stewart sought to recover past and future medical expenses, past and future economic losses and general damages for pain and suffering and loss of enjoyment of life.

In his answer, McKarnin denied that he was negligent in connection with the accident and affirmatively asserted that there was comparative negligence on the part of Stewart that contributed to the accident.

Prior to trial, McKarnin submitted two offers of judgment. In the first, McKarnin offered Stewart $10,000. Later and closer to trial, McKarnin increased his offer of judgment to $50,000. Stewart rejected both offers and took the case to trial.

At the conclusion of the trial, the jury returned a special verdict finding that both parties were negligent and that both parties contributed to the cause of the accident. The jury apportioned fault for the accident 50 percent to each of the parties. The court thereafter entered judgment in favor of McKarnin based on the jury's verdict.

McKarnin filed a motion for costs and a verified memorandum in support of the motion. McKarnin sought costs as a matter of right under I.R.C.P. 54(d)(1)(C), and discretionary costs under I.R.C.P. 54(d)(1)(D). The discretionary costs request included such items as attorney travel expense, additional witness travel expense, mediation charges and long distance telephone charges. The discretionary costs totaled $3,147.95. Stewart admitted responsibility for the requested costs as a matter of right, but objected to the discretionary costs. Stewart asserted that there had been no showing that the discretionary costs requested were necessary and exceptional, and no showing that the interests of justice required these costs to be assessed against Stewart.

At the hearing on the matter of McKarnin's entitlement to discretionary costs, the district judge granted McKarnin's request from the bench but did not make specific findings as to the items of costs being requested. The district court based its ruling on the fact that Stewart had not accepted the pretrial offers of judgment pursuant to I.R.C.P. 68. The court determined that because Stewart had not accepted the offers, McKarnin was automatically entitled to the recovery of all post-offer costs. An amended judgment was entered awarding discretionary costs to McKarnin. Stewart appeals.

## II.

## STANDARD OF REVIEW

■ The determination of costs is left to the sound discretion of the district court. *Idaho Department of Health and Welfare v. Southfork Lumber Co.,* 123 Idaho 146, 149, 845 P.2d 564, 567 (1993). The burden is on the party opposing the award to demonstrate an abuse of the district court's discretion, and absent an abuse of discretion, the district court's award of costs will be upheld. *Bingham v. Montane Resource Associates,* 133 Idaho 420, 425, 987 P.2d 1035, 1040 (1999); *Durrant v. Christensen,* 117 Idaho 70, 72, 785 P.2d 634, 636 (1990). In considering whether the district court abused its discretion in ruling on a request for discretionary costs, this Court undertakes a three-step inquiry: (1) whether the trial court correctly perceived the issue as discretionary; (2) whether the trial court acted within the boundaries of its discretion and consistent with the applicable legal standards; and (3) whether the trial court reached its determination through an exercise of reason. *Fish v. Smith,* 131 Idaho 492, 493, 960 P.2d 175, 176 (1998).

## III.

## ANALYSIS

■ Stewart asserts that the district court abused its discretion by awarding McKarnin's discretionary costs. The district court considered the award of costs under I.R.C.P. 68. Rule 68 provides, in pertinent part:

(a) At any time more than 14 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, which offer of judgment shall be deemed to include all claims recoverable, including any attorney fees awardable under Rule 54(e)(1), and any costs awardable under Rule 54(d)(1), which have accrued up to the date of the offer of judgment.

. . . .

(b) In cases involving claims for monetary damages, any costs under Rule 54(d)(1)

932

awarded against the offeree must be based upon a comparison of the offer and the "adjusted award." ... If the adjusted award obtained by the offeree is less than the offer, then:

(i) *the offeree must pay those costs of the offeror, as allowed under Rule 54(d)(1), incurred after the making of the offer;*

(ii) the offeror must pay those costs of the offeree, as allowed under Rule 54(d)(1), incurred before the making of the offer; and

(iii) the offeror shall not be liable for costs and attorney fees awardable under Rules 54(d)(1) and 54(e)(1) of the offeree incurred after the making of the offer.

(Emphasis added). Rule 68 therefore mandates an award of costs where an offeror makes an offer of judgment that is rejected by the offeree and the ultimate result is less favorable to the offeree than was the offer. *See Evans v. Sawtooth Partners,* 111 Idaho 381, 387, 723 P.2d 925, 931 (Ct.App.1986); *Masters v. Dewey,* 109 Idaho 576, 580, 709 P.2d 149, 153 (Ct.App.1985). In *Masters,* we explained:

[w]here a party has made an offer of judgment *greater than the opponent's recovery and the offeror also is the prevailing party at trial,* that party may receive its justified costs under I.R.C.P. 54(d). There is, of course, a clear difference between recovery of costs under rule 54(d)(1) and rule 68. When the conditions of rule 68 are satisfied, the award of costs incurred after the offer is made is *mandatory.* The award of costs to a prevailing party under rule 54(d)(1) is broader—encompassing pre-offer costs—but is also discretionary, i.e., "shall be allowed ... unless otherwise ordered by the court." I.R.C.P. 54(d)(1).

*Masters,* 109 Idaho at 580, 709 P.2d at 153 (emphasis added).

Stewart argues that Rule 68 is inapplicable here, where the plaintiff received no award of damages in any amount. Rule 68 is intended, Stewart argues, to protect a defendant against a plaintiff's claim for costs where the plaintiff was awarded damages, and hence could be deemed the prevailing party entitled to costs under I.R.C.P. 54(d), but the award

was less than the defendant's offer of judgment. Rule 68 enables the defendant to achieve the status of "prevailing party" for an award of costs, Stewart notes, despite a damage award to the plaintiff. In a case such as this where the trial produces a defense verdict, the defendant is already the prevailing party entitled to a cost award pursuant to I.R.C.P. 54(d) and therefore, Stewart urges, Rule 68 adds nothing to the analysis. Stewart also points out that application of Rule 68 in cases where there has been a defense verdict would produce an absurd result in that the losing plaintiff would be entitled to recover from the prevailing defendant plaintiff's costs incurred prior to the offer of judgment pursuant to Rule 68(b)(ii).

We agree with Stewart that Rule 68(b) cannot be applied literally, allowing partial recovery of costs by the defeated plaintiff under Rule 68(b)(ii). In such cases, the prevailing defendant is entitled to full recovery of costs as allowed under Rule 54(d). Nevertheless, a defendant who has made an offer of judgment should not lose the benefits of Rule 68 merely because the defendant has completely prevailed. In this circumstance, the defendant should at least receive the benefit of the Rule 68(b)(i) provision making an award of allowable post-offer costs incurred by the defendant mandatory rather than discretionary as would otherwise be the case under I.R.C.P. 54(d)(1). Otherwise, a defendant could be penalized for being "too successful" by losing the mandatory entitlement of I.R.C.P. 68(b)(i). We thus must consider whether the district court correctly applied Rule 68 and the Rule 54(d)(1) provisions on allowable costs when it awarded to McKarnin all of the costs that he claimed, including costs that are not recoverable as a matter of right under Rule 54(d)(1).

█ Stewart argues that the district court did not recognize that it had discretion to deny some of the claimed costs under I.R.C.P. 54(d)(1)(D). Rule 68(b)(i) makes an award of post-offer costs mandatory only to the extent that the costs are allowed under Rule 54(d)(1). Rule 54(d)(1)(C) itemizes costs that are ordinarily recoverable by the

prevailing party "as a matter of right." Under Rule 54(d)(1)(D), a trial court has the discretion to award additional discretionary costs that it views to be necessary and exceptional. While the district court here stated that all costs claimed were necessary and exceptional, the district court emphasized that its view of Rule 68 was that Stewart was responsible for *all* costs incurred after McKarnin made an offer which was rejected by Stewart. It is apparent from the record that the district court failed to correctly apply Rule 54(d)(1)(D) where it did not individually consider whether each discretionary cost claimed was necessary and exceptional. The district court, "in ruling upon objections to such discretionary costs contained in the memorandum of costs, shall make express findings as to why such specific item of discretionary cost should or should not be allowed." I.R.C.P. 54(d)(1)(D); *Masters,* 109 Idaho at 580, 709 P.2d at 153 (holding that the district court should explicitly state which costs are recoverable under Rule 68 and Rule 54(d)(1)(D), together with a statement of reasons supporting the award of any discretionary costs under Rule 54(d)(1)(D)). Therefore, we reverse and remand for a determination of discretionary costs pursuant to Rule 54(d)(1)(D).

## IV.

## CONCLUSION

For the above stated reasons, we reverse and remand for a determination of discretionary costs consistent with this opinion. Stewart, having prevailed on appeal, is awarded costs pursuant to I.A.R. 40. Neither party is entitled to attorney fees on appeal.

Chief Judge PERRY and Judge LANSING concur.