826 P.2d 916

**Virginia ALLISON, Plaintiff–Respondent,**

v.

**JOHN M. BIGGS, INC., A California corporation, and John M. Biggs, an individual, Defendants–Appellants.**

No. 18932.

Supreme Court of Idaho,
Boise Nov. 1991 Term.

Feb. 14, 1992.

Ling, Nielsen & Robinson, Rupert, for defendants-appellants. Brent T. Robinson, argued, Idaho.

Hogue, Speck & Aanestad, Ketchum, for plaintiff-respondent. Tracy Dunlap, argued, Ketchum.

BOYLE, Justice.

We are called upon to determine whether I.C. § 12–120 and the Idaho Rules of Civil Procedure authorize an award of post-judgment attorney fees for legal expenses incurred in an attempt to execute on a judgment. We hold that post-judgment attorney fees are not authorized under the statute or rules. Therefore, the decision of the district court is reversed with instructions to vacate that portion of the order awarding attorney fees.

I.

In 1983 the plaintiff, Virginia Allison, purchased a limited partnership interest from the defendant, John M. Biggs.[1] After the failure of the limited partnership, Biggs executed a promissory note on behalf of his corporation in favor of Allison which he also personally guaranteed. The note matured and was due in full on December 31, 1986. However, Biggs made no payments on the note. Allison filed suit and summary judgment was entered on September 12, 1988, against Biggs and his corporation. The judgment was amended four days later to include $3,849.85 in attorney fees and other costs incurred by Allison in obtaining the judgment. With the addition of the attorney fees, the total amount of the amended judgment was $58,315.89.

After attempting for many months to execute on the amended judgment and after conducting several judgment debtor's examinations with Biggs, on June 21, 1990, Allison filed a motion for an award of

---

1. The named defendants are John M. Biggs, Inc. and John M. Biggs, an individual. We will refer to the defendants collectively as Biggs because the distinction between the two defendants is unimportant for purposes of this appeal.

attorney fees for post-judgment activities. Biggs did not contest this motion within the fourteen day time period set forth in I.R.C.P. 54(d)(6) and 54(e)(6), but filed a motion with the district court seeking an enlargement of time based upon excusable neglect. Shortly thereafter, Biggs also filed a motion in opposition to the request for post-judgment attorney fees. In his motion in opposition, Biggs did not challenge the reasonableness of the amount of attorney fees requested by Allison but argued that post-judgment attorney fees are not authorized by statute or by the Idaho Rules of Civil Procedure.

Following oral argument on the motions, the district court granted Allison's request for post-judgment attorney fees in all respects and denied Biggs' request for enlargement of time by finding that the circumstances surrounding his failure to oppose the plaintiff's motion did not amount to excusable neglect. Thereafter, Biggs filed a motion to reconsider which was denied by the district court after hearing oral argument. Biggs subsequently appealed, challenging the district court's order denying the motion for reconsideration and challenging the award of post-judgment attorney fees.

## II.

■ The first issue on appeal is whether the district court had authority to order post-judgment attorney fees incurred after the fourteen day period allowed for filing a memorandum of costs with the district court. The question is strictly one of law, accordingly, we exercise free review.

Allison first argues that under I.C. § 12–120 the legislature has evidenced its intent that the judgment obtained should not be "reduced" by the post-judgment cost of enforcement and collection without allowing an award of supplemental attorney fees. Allison argues that this policy is applicable irrespective of whether costs and expenses are incurred to obtain a judgment or are subsequently incurred to execute and collect on a judgment. Allison derives this position from an interpretation of I.C. § 12–120(3), which provides, in part, that

when a party brings a civil action to recover on a promissory note "the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." Allison argues that this provision is mandatory and it is not limited solely to an award of pre-judgment attorney fees.

■ This position is flawed for several reasons. It is well established that attorney fees and costs cannot be awarded unless they are authorized by statute or by contract. *See Idaho Power Co. v. Idaho Pub. Utils. Comm.,* 102 Idaho 744, 639 P.2d 442 (1981); I.R.C.P. 54(e)(1). Moreover, the legislature has authorized an award of attorney fees in only limited circumstances. *Idaho Power Co. v. Idaho Pub. Utils. Comm.,* 102 Idaho 744, 639 P.2d 442 (1981). While I.C. § 12–120(3) provides for an award of attorney fees in a civil action to recover on a promissory note, it is also elementary that after judgment a cause of action based on a note is merged into the judgment thereby extinguishing the note as the basis for post-judgment collection proceedings. *Woodcraft Construction, Inc. v. Hamilton,* 56 Wash.App. 885, 786 P.2d 307 (1990).

After the judgment had been perfected in this case, Allison became a judgment creditor and no longer depended on the note as the basis of Biggs' obligation. Accordingly, while an award of pre-judgment attorney fees was made to Allison without objection, I.C. § 12–120(3) does not provide for a post-judgment award of attorney fees. Further, the statutory right to an award of attorney fees is limited and defined by the Idaho Rules of Civil Procedure. Rule 54(d)(5) explicitly limits the time period in which a memorandum of costs can be filed to fourteen days after the entry of judgment. In the instant action the judgment was entered on September 12, 1988, and the memorandum of costs seeking an additional award of post-judgment attorney fees was filed on June 21, 1990, nearly twenty-one months later. Clearly, Allison's request for attorney fees does not meet the fourteen day time limit specified in I.R.C.P. 54(d)(5).

Allison asserts that because the Idaho Rules of Civil Procedure do not explicitly preclude post-judgment attorney fees, the rules should be "liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding." I.R.C.P. 1(a). Allison argues that I.R.C.P. 54(d)(1)(F) should be read liberally to allow an award of post-judgment attorney fees because it provides that "[a]ll costs and attorney fees approved by the court ... shall be deemed automatically added to the judgment as costs and collected by the sheriff in addition to the amount of the judgment and other allowed costs." However, this reading of the rule fails to recognize that I.R.C.P. 54(d)(1)(F) distinguishes between pre-judgment attorney fees and a narrow class of post-judgment costs limited solely to costs incurred for the service of the writ of execution. In its entirety I.R.C.P. 54(d)(1)(F) states:

Costs and Attorney Fees—Fees on Execution of Judgment—Added to Judgment.—All costs and attorney fees approved by the court and fees for the service of the writ of execution upon a judgment shall be deemed automatically added to the judgment as costs and collected by the sheriff in addition to the amount of the judgment and other allowed costs. In the event the return of the sheriff upon a writ of execution indicates that the service costs were not obtained through the service of the writ, the clerk of the court shall automatically add the uncollected service fees to the judgment as additional costs.

Properly understood, "[a]ll costs and attorney fees approved by the court," I.R.C.P. 54(d)(1)(F), refers to those costs and fees requested within the fourteen-day time limit of I.R.C.P. 54(d)(5) and which are approved by the court as reasonable and as having a statutory or contractual basis. Only the "fees for the service of the writ of execution upon a judgment" are expressly allowed as post-judgment costs "deemed automatically added to the judgment as costs and collected by the sheriff." I.R.C.P. 54(d)(1)(F). Accordingly, the provisions of Rule 54(d)(1)(F) and the fourteen day requirement of I.R.C.P. 54(d)(5) are in harmony. We therefore hold that the plain reading of the fourteen-day requirement in I.R.C.P. 54(d)(5) prevents the construction Allison proposes for I.R.C.P. 54(d)(1)(F) as to the time for filing a post-judgment request for costs and fees.

### III.

Allison argues further that even if the Idaho Rules of Civil Procedure do impose a fourteen-day deadline for filing a memorandum of costs, the time periods allowed under Rule 54 may be enlarged at the discretion of the Court. *See Ada County Highway Dist. v. Acarrequi,* 105 Idaho 873, 673 P.2d 1067 (1983); *Wheeler v. McIntyre,* 100 Idaho 286, 596 P.2d 798 (1979). In *Acarrequi* we did not disturb an enlargement of time allowed by the district court to amend a memorandum of costs timely filed under I.R.C.P. 54(d)(5). However, our holding in *Acarrequi* is not applicable here. As discussed above, post-judgment attorney fees are not allowed under any statutes or rules of civil procedure. As a result, an enlargement of time is of no avail and not dispositive of the issues presented here on the issue of an award of post-judgment attorney fees. Moreover, in *Wheeler* we recognized that an extension of time should comply with I.R.C.P. 6(b). 100 Idaho at 289, 596 P.2d at 801. Without such compliance I.R.C.P. 54(d)(5) specifically states that the "[f]ailure to file such memorandum of costs within the period prescribed by this rule *shall* be a *waiver* of the right of costs." (Emphasis added.) Accordingly, even if Allison complied with the enlargement provisions of I.R.C.P. 6(b), a district court has no discretion to make an award of post-judgment attorney fees which are not authorized by statute or rule. Therefore, in light of our holding that the district court's award of post-judgment attorney fees was made without statutory or other legal authority, the time within which to file a motion for enlargement of time is not an issue available to Allison.

### IV.

█ Notwithstanding the lack of authority to award post-judgment fees, Allison

**570**

contends that Biggs is essentially estopped and cannot now challenge the award because he failed to object to the memorandum of costs within the fourteen-day time limit of I.R.C.P. 54(d)(6). In response, Biggs argues that the time limit for objecting to a memorandum of costs under I.R.C.P. 54(d)(6) is not applicable because a motion for post-judgment attorney fees is not allowed by any statute or rule, and cannot be properly considered a "memorandum of costs" under I.R.C.P. 54(d)(5). We agree.

Idaho Rules of Civil Procedure 54(d)(6) provides that a party must object to "such costs within fourteen (14) days of service of the memorandum of cost." While "[f]ailure to timely object to the items in the memorandum of costs shall constitute a waiver of all objections to the costs claimed," I.R.C.P. 54(d)(6), the time limit under the rule does not begin until "service of the memorandum of cost." *Id.* A memorandum of cost is defined by reference to I.R.C.P. 54(d)(5) which requires our consideration of Biggs' substantive argument. As we discussed above, a request for post-judgment attorney fees does not meet the definition of a memorandum of costs as contemplated in I.R.C.P. 54(d)(5).

Accordingly, we hold that Biggs was not precluded from raising his substantive argument on appeal by failing to object within the time limits of I.R.C.P. 54(d)(6). That portion of the judgment awarding post-judgment attorney fees is vacated and the action remanded to the district court for entry of an amended judgment consistent with our holding. Costs to appellant. No fees awarded.

BAKES, C.J., and BISTLINE, JOHNSON and McDEVITT, JJ., concur.