874 P.2d 600

Dayton C. FOURNIER, Plaintiff–Appellant,

v.

Barbara D. FOURNIER, Defendant–Respondent.

No. 20738.

Court of Appeals of Idaho.

May 6, 1994.

---

James H. Paulsen, Sandpoint, for appellant.

Kenneth P. Adler, Sandpoint, for respondent.

PERRY, Judge.

Dayton and Barbara Fournier were divorced in 1989. Following entry of the decree, the parties continued to litigate various aspects of their divorce, including modifications to child custody and support. In September of 1992, during the course of a series of motions to modify custody, visitation and support, the parties stipulated to submit to a professional evaluation of the functioning of the family system. An order directing that this "home study" be conducted was entered upon the stipulation. After Dayton was unable to keep his first appointment with the selected psychologist, a second appointment was scheduled. Dayton then canceled the second appointment because he "didn't want to go." He had apparently changed his mind and decided he did not wish to go through with the evaluation.

Barbara brought a motion to compel Dayton to comply with the stipulation and sought an award for her attorney fees incurred in bringing the motion to compel. The motion, however, did not specify under which statute or rule it was being filed, as required by I.R.C.P. 7(b)(1). Nor did the request for attorney fees state any statute or rule upon which the request was being made. Following the hearing, the magistrate ordered Dayton to attend meetings with the psychologist and to comply with the psychologist's requests in order to complete the evaluation. The magistrate also granted Barbara's request for attorney fees, stating:

> 5. Acting as a court of equity, and because the Plaintiff's cancellation of the November 30th session was without cause, it is ORDERED that Plaintiff reimburse Defendant for the actual and reasonable costs in attorney's fees incurred by Defendant in securing compliance with the court's order of September 15, 1992.

Later when Barbara brought a motion for a minute entry memorializing statements made in chambers regarding the award of

fees, the magistrate stated at oral argument on the motion:

> ... I can state for the record when I entered the order awarding attorney fees, my intent was to have that order supported by what was already in the record. My intent was not to have that order supported by anything that happened in chambers. Then if the order doesn't stand on what's in the record then I'm just going to have to live with that decision.

Dayton appealed to the district court, claiming that the award was not based on any statute or contract and was therefore invalid. The district court affirmed the magistrate's award of fees and also awarded Barbara her attorney fees on the appeal. Dayton now appeals to this Court. For the reasons stated below, we vacate the order of the magistrate.

## ANALYSIS

■ Courts in the United States have long adhered to the "American Rule" of awarding attorney fees. Each side is to pay its own fees except in a limited number of circumstances. 22 AM.JUR.2D *Damages* § 611 (1988). Generally, attorney fees will be awarded when authorized by a contract or statute. I.R.C.P. 54(e)(1); *Allison v. John M. Biggs, Inc.*, 121 Idaho 567, 568, 826 P.2d 916, 917 (1992); *Valentine v. Perry*, 118 Idaho 653, 655, 798 P.2d 935, 937 (1990). The stipulation signed by the parties in this case is silent as to enforcement and attorney fees. Therefore, no contractual basis exists for the award.

■ Another appropriate basis for an award would have been statutory. Barbara, however, offered no statute or rule as authority for her motion to compel Dayton to comply with the stipulation as required by I.R.C.P. 7(b)(1). This failure to state the grounds upon which the motion was based, along with the failure to offer authority for the award of attorney fees itself, renders it impossible to determine on what basis Barbara was seeking attorney fees. Likewise, the magistrate's order does not refer to a specific statute or rule as the basis of the award of fees. Instead, acting as a "court of equity" the magistrate found the award appropriate. In Idaho, however, there is no equitable authority to award attorney fees generally. Because the magistrate is constrained to award attorney fees based on contractual or statutory authority, we must conclude that the magistrate erred in making this award.

■ This Court, as well as our Supreme Court, has held in a variety of contexts that a correct ruling or order, based upon an incorrect theory, will nonetheless be upheld on appeal under the proper theory. *Idaho Schools for Equal Educational Opportunity v. Evans*, 123 Idaho 573, 580, 850 P.2d 724, 731 (1993); *J.R. Simplot Co., Inc. v. Idaho State Tax Comm'n*, 120 Idaho 849, 853, 820 P.2d 1206, 1210 (1991); *Deutz–Allis Credit Corp. v. Bakie Logging*, 121 Idaho 247, 255, 824 P.2d 178, 186 (Ct.App.1992). Although we have previously applied the "right result/wrong theory" rule to an award of attorney fees, *see Callenders, Inc. v. Beckman*, 120 Idaho 169, 176–77, 814 P.2d 429, 436–37 (Ct.App.1991), due process considerations require some additional limitation to the rule. At the very least, a statutory or contractual justification for an award of fees must be advanced below by the party seeking such an award. Without such a limitation, a party may be subject to an award against it while being given no opportunity to raise relevant facts or to argue applicable legal principles. The opportunity to be heard and advance legal argument on dispositive issues is essential to proper procedure. As stated above, I.R.C.P. 7(b)(1) requires that some notice be provided to a nonmoving party of the grounds upon which a motion is based. In *Patton v. Patton*, 88 Idaho 288, 292, 399 P.2d 262, 264 (1965), the Idaho Supreme Court stated that practice "demands that the basis of a motion and the relief sought shall be clearly stated" so that the other party may not complain of surprise or prejudice. *See Mason v. Tucker*, 125 Idaho 429, 432, 871 P.2d 846, 849 (Ct.App.1994). Therefore, any theory upon which an award of attorney fees is based, either used in the trial court to award fees or selected on appeal as the "correct theory" to uphold a correct result, must be advanced at the trial level by the party

seeking fees. If a particular statute, rule or contract is not advanced below, it cannot be the basis for upholding the award later on appeal.

■ The record in this case reveals that Barbara cited no statutory or contractual authority for the requested award when bringing her motion to compel. Likewise, the magistrate offered no such authority in making the award and declined to do so when presented with the motion for a minute entry. Although various justifications were later offered by the parties, both to the district court in its appellate capacity and to this Court on appeal, these arguments are not properly considered. We acknowledge that some of these *post hoc* justifications, including I.C. § 12–121, I.C. § 32–704, I.R.C.P. 16, and I.R.C.P. 35 and 37, may have been potentially valid bases for an award of attorney fees. Similarly, it may have been possible to award such fees under I.C. § 12–123 or upon a finding of contempt if the proper procedure had been followed.[1] As a reviewing court, however, our task is not to search out statutory support for the award of fees below. Such support must be garnered by court and counsel at the time the award is requested and made. Therefore, the award of attorney fees below must be vacated.

Because of our ruling today, we must also vacate the award of attorney fees to Barbara granted on appeal to the district court. As for attorney fees on the appeal to this Court, because Barbara is not the prevailing party and Dayton has not requested fees on appeal, we do not award fees. Costs to appellant.

WALTERS, C.J., and LANSING, J., concur.

1. This does not necessarily mean that these awards would be proper under the facts of this case. We merely point out that reasoned arguments could have been advanced to the trial court under these particular theories.