987 P.2d 1035

Ivan F. BINGHAM and Marti E. Bingham, Plaintiffs–Appellants–Cross Respondents,

v.

MONTANE RESOURCE ASSOCIATES, a partnership, Defendant–Respondent–Cross Appellant.

No. 24316.

Supreme Court of Idaho, Boise, May 1999 Term.

Sept. 3, 1999.

Nielson & Reece, P.L.L.C., Pocatello, for appellants. Nick L. Nielson argued.

Dial, Looze & May, Pocatello, for respondent. John K. Looze argued.

TROUT, Chief Justice.

This is an appeal from the district judge's order awarding the respondent/cross-appellant Montane Resource Associates (Montane), attorney fees and costs. The appellants/cross-respondents, Ivan and Marti Bingham (the Binghams), appeal the award of fees pursuant to I .C. § 45–413 and the award of discretionary costs. Montane cross-appeals the denial of fees under I.C. §§ 12–120 and 12–121.

1. Heber Jacobsen filed a motion to set aside the default judgment, which was denied by the district court. Jacobsen's appeal of that denial was the subject of a recent case in front of this Court, *Montane Resource Associates v. Greene,* 132 Ida-

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying suit upon which the attorney fees and costs were awarded involved property and timber initially owned by Richard and Linda Greene (the Greenes). Richard Greene contracted with Montane to provide logging services for the timber on the land and while that contract was being performed, the Greenes sold the land to Heber Jacobsen and his wife, Christine Lake (the Jacobsens), in January 1995. The Jacobsens leased the land back to the Greenes and also gave them an option to repurchase the land. Montane finished its work after the transfer of the land between the Greenes and the Jacobsens was complete. However, Montane was allegedly not paid under the terms of the contract. On September 1, 1995, Montane recorded a loggers' lien to secure payment for services rendered and filed suit against the Greenes and Jacobsens on February 14, 1996 to start foreclosure proceedings.

On May 17, 1996, the Binghams purchased the property from the Jacobsens. The Binghams were aware of the loggers' lien at the time of the purchase and intended to satisfy the lien. A default judgment was subsequently entered against the Greenes and Jacobsens on July 15, 1996, holding them liable in the amount of $15,897.05 [1] and giving Montane the right to foreclose the lien. On December 13, 1996, the Binghams filed an action against Montane asking the district judge to declare the loggers' lien invalid, to quiet title in the real property in their name, and to award damages. On January 27, 1997, Montane filed a motion to dismiss and on February 11, 1997, the Binghams filed a motion for summary judgment. The district judge twice heard oral argument on the motion to dismiss and subsequently allowed the Binghams to amend their complaint to allege an ownership interest in the logs on the property. Montane answered the amended

ho 458, 974 P.2d 510 (1999). Many of the background facts set out in this opinion are also detailed in the Court's opinion in *Montane Resource Associates v. Greene.*

complaint on March 21, 1997, at that time asserting that the complaint was barred by the doctrine of res judicata. On March 24, 1997, the district judge heard argument on the Binghams' motion for summary judgment and on May 23, 1997, issued a memorandum decision and order granting Montane's motion to dismiss and denying the Binghams' summary judgment motion. The district judge held that the Binghams' claims were indeed barred by res judicata. The Binghams did not appeal the district judge's decision on the motion for summary judgment and motion to dismiss.

Montane, as prevailing party on the motions, then sought to recover attorney fees and costs. The district judge, in a November 12, 1997 decision, awarded attorney fees in the amount of $5,899.00 to Montane under I.C. § 45–413, a statute allowing a court to award attorney fees for persons claiming a lien against property. The district judge declined to base an award of attorney fees on I.C. § 12–120(1) and (3), or I.C. § 12–121. First, the district judge reasoned that attorney fees pursuant to I.C. § 12–120(1) were not appropriate because the amount pled was not $25,000 or less. Second, the judge denied fees under I.C. § 12–120(3), holding that there was no contractual or commercial relationship between Montane and the Binghams. Third, the judge held that attorney fees under I.C. § 12–121 were not appropriate because some of the Binghams' claims were not frivolous. The district judge also awarded discretionary costs of $91.96 and costs as a matter of right in the amount of $42.00 to Montane. Both parties now appeal.

## II.

### BINGHAMS' CLAIMS ON APPEAL

**A. The district judge erred in awarding attorney fees, sua sponte, to Montane pursuant to I.C. § 45–413.**

*1. Standard of Review*

 The Binghams' claim that the district judge improperly awarded fees under I.C. § 45–413 is based on a number of arguments. The central argument, however, is that Montane's loggers' lien was invalid and

as such, had the lien been examined, Montane would not have been able to foreclose on the lien and Montane would have had no basis for an award of attorney fees under I.C. § 45–413. Ultimately, the Binghams' claim focuses on interpreting I.C. § 45–413 to determine whether fees under that statute are properly awarded given the facts of the case. When a dispute centers around whether the district judge properly awarded attorney fees under a statute in the first instance, the Court exercises free review. The determination of the meaning of a statute and its application is a matter of law. *J.R. Simplot Co., v. Western Heritage Ins. Co.*, 132 Idaho 582, 583, 977 P.2d 196, 197 (1999).

*2. Attorney Fees pursuant to I.C. § 45–413*

 Montane made its request for attorney fees by asserting a counterclaim for fees in its answer to the Binghams' amended complaint. In the counterclaim, Montane asserted that because it had been necessary for it to retain the services of an attorney, it was then entitled to reasonable attorneys fees pursuant to I.C. §§ 12–120, 12–121 and I.R.C.P. 54. After the district judge's ruling on the Binghams' claims holding that the claims were barred by res judicata, Montane filed a Memorandum of Costs in which it asserted a right to costs as a matter of right, discretionary costs and attorney fees under I.C. §§ 12–121 and 12–120. Specifically, Montane argued that "this is a commercial transaction by reason of the logs upon which the disputed lien attached were cut to be sold for commercial purposes and the amount claimed is under $25,000." Additionally, at the hearing on fees and costs, Montane argued for attorney fees based on I.C. §§ 12–120(1), 12–120(3), and 12–121. At no point did Montane assert that it was entitled to fees under I.C. § 45–413. Rather, the district judge awarded fees under I.C. § 45–413 sua sponte, reasoning that because the Binghams' claim was the same as the claim in the foreclosure action against the Greenes and Montane would have been entitled to fees in that earlier action, I.C. § 45–413 applied to the current action.

 The district judge's underlying assumption that he had the power to award

fees on a basis not asserted by Montane is erroneous. In order to be awarded attorney fees, a party must actually assert the specific statute or common law rule on which the award is based; the district judge cannot sua sponte make the award or grant fees pursuant to a party's general request. The Idaho Court of Appeals addressed this issue in *Fournier v. Fournier*, 125 Idaho 789, 791–92, 874 P.2d 600, 602–03 (Ct.App.1994). In *Fournier*, Barbara Fournier brought a motion to compel Dayton Fournier to comply with a stipulation for a professional evaluation. Barbara also sought attorney fees. The motion did not specify under which statute it was being filed nor did the request for attorney fees state any statute or rule upon which the request was made. After a hearing, the magistrate judge ordered Dayton to comply with the stipulation and also awarded attorney fees, but did not state the basis for the award, only noting that it did so "[a]cting as a court of equity." *Id.* at 790, 874 P.2d at 601. On review, the Court of Appeals stated that in Idaho, "there is no equitable authority to award attorney fees generally." *Id.* at 791, 874 P.2d at 602. The court noted that although attorney fee awards had previously been approved based on the "right result/wrong theory" rule, due process considerations require additional limitations to the rule. The court stated:

> At the very least, a statutory or contractual justification for an award of fees must be advanced below by the party seeking such an award. Without such a limitation, a party may be subject to an award against it while being given no opportunity to raise relevant facts or to argue applicable legal principles. The opportunity to be heard and advance legal argument on dispositive issues is essential to proper procedure.

*Id.* The court then held that if a particular statute, rule or contract is not advanced below, it cannot be a basis for upholding an award of attorney fees on appeal. *Id.* at 792, 874 P.2d at 602–03. While in that case there were various valid post hoc justifications for awarding attorney fees, the court noted that it was not the task of the reviewing court to search out statutory support for the award of fees below; rather, the "support must be garnered by the court and counsel at the time the award is requested . . . ." *Id.*

Similarly, this Court has held that where a party does not state the basis for a claim for attorney fees on appeal, the claim will be denied. We stated that I.A.R. 35(a)(5), which requires a statement of the basis for a claim for attorney fees on appeal to be included in the claimant's brief, is "necessary in order to allow the responding party a due process opportunity to challenge such claims." *Curr v. Curr*, 124 Idaho 686, 694, 864 P.2d 132, 140 (1993).

We find that the Idaho Court of Appeals' reasoning in *Fournier* is sound and similarly hold that it is incumbent on the moving party to assert the grounds upon which it seeks an award of attorney fees. The district judge is not empowered to award fees on a basis not asserted by the moving party. As the *Fournier* court noted, "[t]he opportunity to be heard and advance legal argument on dispositive issues is essential to proper procedure." 125 Idaho at 791, 874 P.2d at 602. Accordingly, a request for attorney fees should alert the other party to the basis upon which attorney fees are requested in order that the other party may have a sufficient opportunity to object. Moreover, the district judge cannot award fees, on what he determines to be a correct basis, without providing the nonmoving party with an opportunity to raise relevant facts and legal principles in its defense. Regardless of whether the award would have been proper if the party had requested fees on that basis, it is patently unfair to deprive the opposing party of an opportunity to present arguments against the award. Here, the Binghams were never provided any opportunity to raise a defense to an award of attorney fees under I.C. § 45–413; therefore, we must reverse the award of fees to Montane.

### 3. Remaining Issues

Due to our holding that the district judge erred in awarding attorney fees to Montane pursuant to I.C. § 45–413 sua sponte, we need not reach the Binghams' remaining issues regarding whether, based on the lien in this case, attorney fees could have been awarded under I.C. § 45–413, whether the

district judge improperly awarded attorney fees for paralegal services, and whether the district judge abused his discretion as to the amount of fees awarded.

**B. The district judge abused his discretion in awarding discretionary costs to Montane.**

*1. Standard of Review*

 The determination of costs is left to the discretion of the district court. *Idaho Dep't of Health v. Southfork Lumber Co.,* 123 Idaho 146, 149, 845 P.2d 564, 567 (1993). The burden is on the party opposing the award to demonstrate an abuse of the district court's discretion, and absent an abuse of discretion, the district court's award of costs will be upheld. *Zimmerman v. Volkswagen of America, Inc.,* 128 Idaho 851, 857, 920 P.2d 67, 73 (1996).

*2. The award of discretionary costs*

 The Binghams assert that the district judge erred in awarding discretionary costs of $91.96 to Montane because (1) there was no showing that the "costs were necessary and exceptional;" and (2) upon objection to the costs, the district judge did not make express findings as to why the costs were allowed pursuant to I.R.C.P. 54(d)(1)(D). The district judge found that "[t]he discretionary costs of $91.96 under the circumstances of this case, including the out of state residence of defendant, appear to be ordinary and necessary."

 The district judge improperly awarded discretionary costs in this case because the judge merely determined that the costs "appear[ed] to be ordinary and necessary." This is not sufficient; rather, the district judge must make express findings that the costs are exceptional, necessary, reasonably incurred, and should in the interest of justice be assessed against the adverse party. I.R.C.P. 54(d)(1)(D); *see also Fuller v. Wolters,* 119 Idaho 415, 425, 807 P.2d 633, 643 (1991); *Westfall v. Caterpillar, Inc.,* 120 Idaho 918, 926, 821 P.2d 973, 981 (1991). In addition, upon objection to the discretionary costs claimed by Montane, the district judge did not "make express findings as to why

such specific item of discretionary cost should or should not be allowed" as required by Rule 54(d)(1)(D). The district judge did not determine why each of the specific items of costs for long distance telephone charges, photocopy charges and facsimile transmission charges should be allowed, despite the Binghams' objection to each of the specific charges in its Memorandum to Support a Motion for Disallowance of Claims for Fees and Costs.

Therefore, because the district judge did not make the findings required by Rule 54(d)(1)(D) in making an award of discretionary costs, we reverse the award.

**III.**

**MONTANE'S ISSUES ON CROSS–APPEAL**

**A. The district judge properly determined that Montane was not entitled to an award of attorney fees pursuant to I.C. § 12–120(1) and (3).**

*1. I.C. § 12–120(1)*

 Montane asserts that it was entitled to attorney fees pursuant to I.C. § 12–120(1) because, according to Montane, the Binghams pleaded $25,000 or less. The district judge held that attorney fees were not properly awarded under this section because the Binghams pled "an amount over the minimal jurisdictional limit of the court as compensation for damages incurred."

Idaho Code § 12–120(1) states in pertinent part that:

Except as provided in subsections (3) and (4) of this section, in any action where the amount pleaded is twenty-five thousand dollars ($25,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees.

In *Pancoast v. Indian Cove Irrigation District,* 121 Idaho 984, 985, 829 P.2d 1333, 1334 (1992), this Court held that fees were not appropriately awarded under I.C. § 12–120(1) where the amount pleaded was "an amount in excess of $10,000." We stated

that the statute does not authorize a trial court to award attorney fees unless the amount "pleaded" is $25,000 or less and despite the fact that proof submitted at trial was for damages of less than $25,000, the statute did "not authorize the substitution of 'the amount proved' for 'the amount pleaded.'" *Id.* This Court noted that other statutes enacted by the legislature demonstrate that the legislature understands the meaning of the words "pleaded" and "plead" "in the procedural sense in which I.C. § 12–120(1) refers to 'the amount pleaded.'" *Id.* We declined to construe the statute to refer to something different from what the legislature specified. *Id.*

In this case, the Binghams pled "an amount in excess of the minimum jurisdictional limits of the court" and clearly did not plead "$25,000 or less." Thus, the district judge properly denied fees to Montane under I.C. § 12–120(1).

*2. I.C. § 12–120(2)*

Montane asserts for the first time on appeal a right to attorney fees pursuant to I.C. § 12–120(2) based on the counterclaim for attorney fees included in its amended answer. However, Montane made no argument below in its briefing or at the hearing for attorney fees under subsection two of I.C. § 12–120; rather, Montane argued in its Memorandum of Costs for an award under I.C. § 12–120(1), 12–120(3) and 12–121. On appeal, this Court cannot consider issues which were not raised before the district court. *Schiewe v. Farwell,* 125 Idaho 46, 49, 867 P.2d 920, 923 (1993). It is not sufficient that Montane made a claim for attorney fees based on I.C. § 12–120 generally because the various subsections of that statute require different showings. The district judge had no opportunity to consider whether I.C. § 12–120(2) applied to this case and the Binghams had no opportunity to present arguments against the award. As such, we decline to address Montane's claim on appeal.

*3. I.C. § 12–120(3)*

Montane contends that the district judge erred in denying it attorney fees under

I.C. § 12–120(3). The district judge determined in ruling on the motion that the Binghams' action was to challenge the validity of the loggers' lien and to quiet title and that there was no contractual or commercial relationship between the parties "although there may have been between Montane and the Binghams['] predecessors, the Green[es]." The district judge then noted that the transaction between Montane and the Greenes was not the gravamen of the Binghams' action.

Idaho Code § 12–120(3) states in pertinent part that:

In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

A court is not required to award reasonable attorney fees every time a commercial transaction is connected with a case. *Ervin Construction Co., v. Van Orden,* 125 Idaho 695, 704, 874 P.2d 506, 515 (1993). "The critical test is whether the commercial transaction comprises the gravamen of the lawsuit; the commercial transaction must be integral to the claim and constitute a basis upon which the party is attempting to recover." *Id.*

Here, while Montane's original contractual arrangement with the Greenes and the Jacobsens may have been characterized as a commercial transaction, the gravamen of the Binghams' lawsuit did not involve a commercial transaction. Rather, the thrust of the Binghams' lawsuit was that title to the logs and real property should be quieted in them because the loggers' lien Montane obtained against the logs was invalid. At no point were Montane and the Binghams involved in a commercial transaction, nor was that the basis for the complaint filed by the Binghams.

Accordingly, the district judge properly denied attorney fees to Montane under I.C. § 12–120(3) and we affirm the judge's decision in that respect.

**B. The district judge did not abuse his discretion in denying attorney fees to Montane under I.C. § 12–121.**

Montane argues that the district judge abused his discretion in denying attorney fees under I.C. § 12–121. In ruling on Montane's claim for attorney fees under I.C. § 12–121, the district judge held that:

Montane is not entitled to [a]ttorney fees under I.C. 12–121 because its claim was not frivolous.... While this suit was eventually settled on summary judgment, this Court denied a motion to dismiss. Further, it appears that there was a dispute settled as to whether the logger's lien attached to the real property. Thus, this Court finds that some of the Binghams' claims were not frivolous.

Attorney fees under I.C. § 12–121 "may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation." I.R.C.P. 54(e)(1). Moreover, "[a]ttorney fees are not appropriate under I.C. § 12–121 and I.R.C.P. 54(e) unless all claims brought ... are frivolous and without foundation." *Management Catalysts v. Turbo West Corpac, Inc.*, 119 Idaho 626, 630, 809 P.2d 487, 491 (1991). The decision whether to award attorney fees under I.C. § 12–121 rests in the sound discretion of the district court and will only be reversed where there is an abuse of discretion. *Sun Valley Hot Springs Ranch v. Kelsey*, 131 Idaho 657, 664, 962 P.2d 1041, 1048 (1998). In reviewing an exercise of discretion, this Court must consider (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

There is no question that the district judge perceived the issue as one of discretion. In addition, the district judge correctly set out and applied the standard for an award of attorney fees under I.C. § 12–121, thus act-ing within the outer boundaries of his discretion. Last, the district judge reached his decision by an exercise of reason illustrated by his determination that not all of the Binghams' claims were frivolous because he had denied a motion to dismiss earlier in the case and because Montane and the Binghams had settled a dispute during the proceedings regarding whether the loggers' lien attached to the real property.

In sum, the district judge did not abuse his discretion in denying Montane's request for attorney fees pursuant to I.C. § 12–121 and the decision is therefore affirmed.

## IV.

### ATTORNEY FEES ON APPEAL

Both parties argue that they are entitled to attorney fees on appeal. Montane merely asserts that attorney fees should be awarded on appeal in the "Issues Presented on Appeal" section of its brief and makes no argument regarding its right to fees. "This Court will not consider issues cited on appeal that are not supported by propositions of law, authority or argument." *Meisner v. Potlatch Corp.*, 131 Idaho 258, 263, 954 P.2d 676, 681 (1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 56, 142 L.Ed.2d 44 (1998) (citing *Saint Alphonsus Reg'l Med. Ctr. v. Bannon*, 128 Idaho 41, 44, 910 P.2d 155, 158 (1995)). Because Montane does not cite any authority or proposition of law for an award of attorney fees on appeal, we decline to consider fees on appeal as they relate to Montane.

The Binghams did not raise the issue of attorney fees on appeal in their initial brief. Rather, they raised the issue in their reply brief. Idaho appellate rule 41 states that "[a]ny party seeking attorney fees on appeal must assert such a claim as an issue presented on appeal in the first appellate brief filed by such party ...." Accordingly, because the Binghams did not raise the issue of attorney fees on appeal in their first appellate brief, we will not consider their request.

## V.

### CONCLUSION

We reverse the decision of the district judge awarding attorney fees to Montane

pursuant to I.C. § 45–413 and awarding dis-cretionary costs to Montane. The denial of attorney fees to Montane pursuant to I.C. § 12–120(1) and (3) and 12–121 is affirmed. Given the outcome of this case below and on appeal, we award no costs or fees to either party on appeal.

Justices SCHROEDER, WALTERS, KIDWELL and Justice Pro Tem MOSS, concur.