111 P.3d 97

Edythe RAHAS, Plaintiff–Appellant,

v.

Charles T. VER METT, individually and as President of Idaho Funding Corporation, an Idaho corporation, Defendant–Respondent,

and

Les Bois Leasing, Inc., an Idaho corporation; LB II, Inc., an Idaho corporation; Eugene Heil, dba PB Enterprises, a partnership; John Does Corporations I through X and John Does I through X, Defendants.

No. 30221.

Supreme Court of Idaho, Boise, January 2005 Term.

March 7, 2005.

Rehearing Denied May 4, 2005.

Fuller Law Office, Twin Falls, for appellant. Greg J. Fuller argued.

Ringert, Clark Chartered, Boise, for respondent. James G. Reid argued.

BURDICK, Justice.

This case arises from a suit to recover on a judgment entered against Idaho Funding Corporation (Idaho Funding). Edythe Rahas obtained a judgment against Idaho Funding for its default on a promissory note executed by the president of Idaho Funding, Charles T. Ver Mett, in his official capacity. In this action Rahas sued Idaho Funding and Ver Mett seeking to pierce the corporate veil and to collect from Ver Mett personally on the judgment. Rahas failed to prove her case at trial and the district court entered a judgment in Ver Mett's favor. Upon prevailing at trial, Ver Mett motioned the district court for an award of attorney fees and costs pursuant to I.C. §§ 12–120(3) and (5) and I.R.C.P. 54. After initially denying the motion, and upon Ver Metts' motion for reconsideration, the district court awarded Ver Mett $48,723.50 in attorney fees and costs. Rahas timely appealed. We reverse.

### FACTS AND PROCEDURAL BACKGROUND

In 1992, Rahas agreed to loan William Strack $150,000, but only through a third party, Idaho Funding. A promissory note was executed between Rahas and Idaho Funding for $150,000. The promissory note provided that "[t]he 'borrower' will pay all collection costs including reasonable attorney fees, court costs, recovery costs or any other costs of collecting the indebtedness." Ver Mett signed the promissory note in his official capacity. Idaho Funding then entered into another promissory note with Strack and loaned him the $150,000. Idaho Funding would realize a small profit from the transaction due to the difference in interest rates between the two notes.

Following Strack's default on the loan in December 1994, Idaho Funding stopped making payments on its note to Rahas. Rahas sued Idaho Funding and obtained a judgment against them for the principal amount—$128,760.14. The district court awarded $22,150 in attorney fees and $1,196.50 in costs. A judgment was entered against Idaho Funding for $152,106.64. Idaho Funding obtained a judgment against Strack for his default on its promissory note.

On November 27, 1998, Rahas started this lawsuit and sued Ver Mett and Idaho Funding seeking to hold Ver Mett personally liable for the judgment obtained against Idaho Funding. Rahas alleged three different alternative causes of actions: fraudulent transfer of assets, fraud, and a claim to pierce the corporate veil of Idaho Funding. At the time of trial Rahas pursued only the third theory. The case was tried to the district court without a jury on January 24, 2002.

On August 23, 2002, the district court issued its memorandum decision and order finding Rahas failed to meet her burden of proving that it was appropriate to grant the equitable remedy sought and to pierce the corporate veil. The district court viewed both Rahas and Ver Mett as victims of Strack, with Ver Mett being the more aggrieved victim. However, the district court did not believe Rahas had pursued the matter frivolously in that Ver Mett's shortcomings in not observing the corporate formalities and in undercapitalizing Idaho Funding after November 14, 1996, were substantial and serious issues.

Ver Mett moved the district court for an award of attorney fees and costs. After additional briefing and argument on the issue, the district court granted Ver Mett's request for attorney fees and costs pursuant to I.C. § 12–120(3) and I.R.C.P. 54. The district court awarded Ver Mett $48,723.50 in total for attorney fees and costs. The district court entered a judgment for that amount on November 14, 2003. Rahas timely appealed.

## ISSUES

I. DID THE DISTRICT COURT ERR IN AWARDING VER METT ATTORNEY FEES PURSUANT TO I.C. § 12–120(3)?

II. SHOULD VER METT BE AWARDED ATTORNEY FEES ON APPEAL?

### STANDARD OF REVIEW

 The issue presented on appeal involves the interpretation and application of I.C. § 12–120. Determining a statute's meaning and applying law to undisputed facts constitute matters of law. *SE/Z Const.,*

*L.L.C. v. Idaho State University,* 140 Idaho 8, 12, 89 P.3d 848, 852 (2004). This Court exercises free review over questions of law. *Kelly v. Silverwood Estates,* 127 Idaho 624, 631, 903 P.2d 1321, 1328 (1995).

### ANALYSIS

 Rahas argues the district court erred in awarding attorney fees pursuant to I.C. § 12–120(3). Rahas asserts two theories to reverse the district court. First, the note did not relate to the purchase or sale of goods. Secondly, the note involved a purely personal matter and not a commercial transaction.

If the statutory language is unambiguous, "the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to consider rules of statutory construction." The plain meaning of a statute therefore will prevail unless clearly expressed legislative intent is contrary or unless plain meaning leads to absurd results.

*Gillihan v. Gump,* 140 Idaho 264, 266, 92 P.3d 514, 516 (2004) (internal citations omitted).

Idaho Code § 12–120(3) provides:

In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, **or** contract relating to the purchase or sale of goods, wares, merchandise, or services **and** in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

(Emphasis added).

 Attorney fees and costs may not be awarded unless authorized by statute or by contract. *Allison v. John M. Biggs, Inc.,* 121 Idaho 567, 568, 826 P.2d 916, 917 (1992). The Idaho Legislature has authorized an

award of attorney fees only in limited circumstances. *Idaho Power Co. v. Idaho Pub. Utils. Comm.,* 102 Idaho 744, 751, 639 P.2d 442, 449 (1981). Idaho Code § 12–120(3) "allow the courts to set attorney fees in civil damage suits under certain conditions." *Id.* The prevailing party is entitled to attorney fees where an action is brought to recover on the following: (1) open account; (2) account stated; (3) note; (4) bill; (5) negotiable instrument; (6) guaranty; (7) contract relating to the purchase or sale of goods, wares, merchandise; (8) contract for services; and (9) commercial transaction. In determining if attorney fees are appropriate in a commercial transaction, this Court has adopted a two-part test. "First, the commercial transaction must be integral to the claim, and second, the commercial transaction must provide the actual basis for recovery." *Iron Eagle Development, LLC v. Quality Design Systems, Inc.,* 138 Idaho 487, 493, 65 P.3d 509, 515 (2003).

■ In this action Rahas sued Idaho Funding and Ver Mett seeking to pierce the corporate veil and to collect from Ver Mett personally on the judgment. This case is not an action to recover on a note nor does a commercial transaction provide any basis for an award of attorney fees. Rahas already successfully sued on the note and was awarded both attorney fees and costs. The note merged into the judgment extinguishing the note. *Allison,* 121 Idaho at 568, 826 P.2d at 917. Suit on a judgment is not one of the enumerated actions identified in I.C. § 12–120(3) and therefore the district court erred in awarding attorney fees.

Idaho Funding argues the gravamen of the lawsuit was the note and therefore it is entitled to attorney fees.

> A court is not required to award reasonable attorney fees every time a commercial transaction is connected with a case. "The critical test is whether the commercial transaction comprises the gravamen of the lawsuit; the commercial transaction must be integral to the claim and constitute a basis upon which the party is attempting to recover."

*Bingham v. Montane Resource Associates,* 133 Idaho 420, 426, 987 P.2d 1035, 1041 (1999) (internal citations omitted).

The complaint does not allege any commercial transaction and is not based upon the note—it is based upon a judgment. Although, the gravamen test has never been formally adopted for attorney fees pursuant to a note under I.C. § 12–120(3), the gravamen of this case was not the note. The note was not the basis for recovery. Therefore, we need not examine if that legal theory applies to the award of attorney fees pursuant to a note.

## CONCLUSION

This court reverses and vacates the district court's judgment for attorney fees and costs. Costs, but no attorney fees on appeal to Rahas.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES, concur.