NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation,

Plaintiff-Appellant,

v.

LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company,

Defendant-Appellee.

No.    18-35611

D.C. No. 4:16-cv-00427-DCN

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Argued and Submitted July 11, 2019
Seattle, Washington

Before:  BOGGS,** BERZON, and WATFORD, Circuit Judges.

This is a trademark-infringement case involving cheese.  In 2016, NRCC filed suit against Lakeview alleging trademark infringement, in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).  Lakeview filed a counter-claim for

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

attorney's fees under 15 U.S.C. § 1117(a). The district court granted summary judgment to Lakeview, and awarded Lakeview attorney's fees. NRCC appealed.

We review the district court's grant of summary judgment in a trademark-infringement case de novo and all inferences are drawn in favor of the non-moving party. *Multi Time Machine, Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 935 (9th Cir. 2015) (citing *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 630 (9th Cir. 2005)). Award of attorney's fees under the Lanham Act, 15 U.S.C. § 1117(a), and Idaho Code § 12-121 is reviewed for abuse of discretion. *See Sun Earth Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016) and *Bingham v. Montana Res. Assoc.*, 987 P.2d 1035, 1042 (1999).

The Trademark Act of 1946 ("Lanham Act") prohibits the use of trademarks in commerce that are likely to cause confusion or mistake over the source of a product or service. 15 U.S.C. §§ 1114, 1125(a). We conclude that there was neither use in commerce nor a likelihood of confusion in this case.

**1.** A valid trademark-infringement claim requires that the alleged infringing mark have been used in commerce. *Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 676 (9th Cir. 2005). The district court held that the mark was not "used" in commerce. There is no evidence that Lakeview used or intended to use the "About Us" web page, which contained the mark, as it did not even know the page still existed. NRCC only found the "About Us" page when it manually entered the

page's URL into a web browser. The page was not part of Lakeview's advertising and promotion strategy. Abandoned in cyberspace, the "About Us" page was virtually inaccessible to internet traffic. The "Pack Size" page, which includes a photo of various cheeses, one of which carried the mark, was about quantity of cheese (not trademark protected), not the brand of cheese (protected by the mark). The record supports the conclusion that Lakeview was at worst negligent in not understanding how the internet operates, and that the mark on the "Pack Size" page could only be seen with eagle eyes or computer enhancement. The term "use" includes some sort of purposeful or goal-oriented conduct. We affirm the district court's holding that "there is no indication that Lakeview used the Mark in commerce."

**2.** A second core element of trademark infringement is the likelihood of confusion. *Playboy Enterprises, Inc. v. Netscape Communications Corp.*, 354 F.3d 1020, 1024 (9th Cir. 2004). "A trademark holder must show that the defendant's use of its trademark 'is likely to cause confusion, or to cause mistake, or to deceive.'" *Multi Time Machine,* 804 F.3d at 935 (citing *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt.*, 618 F.3d 1025, 1030 (9th Cir. 2010) (quoting 15 U.S.C. § 1125(a)(1)-(a)(1)(A))). "The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to

3

the origin of the good or service bearing one of the marks." *Ibid.* (citing

*Dreamwerks Prod. Group v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998).

Given the difficulty in finding the "About Us" page, the failure of NRCC to show any competitive advantage gained by the unlinked "About Us" page, and the difficulty in seeing the mark on the "Pack Size" page, there is no evidence in the record that Lakeview caused confusion as to the origin of the mark.

**3.** Lakeview sought attorney's fees under the Lanham Act, 15 U.S.C. § 1117(a), and Idaho Code § 12-121, and the district court awarded fees under both statutes.  The Lanham Act provides that the court "in exceptional circumstances may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  An exceptional case is one that stands out with respect to the substantive strength of a party's position or the unreasonable manner in which a case was litigated.  *Sun Earth*, 839 F.3d at 1180.  The district court held the NRCC's case was exceptional in its frivolity and disrespect for the legal process.  NRCC did not have any evidence to support any of its claims, and offered no evidence of commercial use, likelihood of confusion in the marketplace, or damages.  NRCC did not have a colorable claim to begin with and pursued its litigation in an unreasonable manner.  The district court awarded almost $300,000 in attorney's fees under both the federal and state statutes.  On this record, we hold that the award of attorney's fees was not an abuse of discretion.

For the reasons set forth above, we AFFIRM the district court.